Patricia Lynn **TRIFOVESTI**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–87–01086–CR, 05–87–01087–CR.

Court of Appeals of Texas,
Dallas.

Oct. 11, 1988.

Kevin J. Clancy, Dallas, for appellant.

Yolanda M. Joosten, Dallas, for appellee.

Before STEWART, HOWELL and ROWE, JJ.

ROWE, Justice.

Patricia Trifovesti appeals from two orders revoking probation in two causes. In each of these causes, Trifovesti had pleaded guilty to unlawful possession of a controlled substance and was sentenced to three years' confinement. Imposition of each sentence was suspended, and probation was granted.

On October 29, 1986, the State filed in each cause a motion to revoke probation, alleging two violations of the conditions of her probation. The State later amended each motion by adding an additional violation. At a hearing held on January 15, 1987, Trifovesti entered a plea of true to both motions. The court found that Trifovesti had violated the conditions of probation in both causes but passed the hearing generally. Eight months later, on September 14, 1987, the court resumed the hearing and revoked the orders suspending imposition of the sentences. In her sole point of error, Trifovesti contends that the trial court denied her due process of law when it revoked her probation.

In its sole counterpoint, the State argues that Trifovesti has waived any right to complain by failing to make a specific objection. The record reflects that when the

hearing resumed on September 14 and the court indicated it was ready to rule on the basis of those findings it had previously made at the January hearing, appellant's counsel made the following motion:

> At this time we would like to reopen the case. We would like to put on testimony and present evidence as to the marijuana she supposedly had in her urine in August of 1987 which the Court has charged in revoking her probation at this time. I would also like to present evidence as to the lab technician, as to how he arrived at the conclusion that her urine did contain marijuana. I would like the test rerun. I would like to present evidence and confront witnesses under the Sixth Amendment. I would further like to put on testimony from her parents who are here and also her employer to show that she has been working at suitable employment, that she has stayed out of trouble and she has done everything except the one marijuana test to comply with her probation. I would ask the Court to let us reopen at this time so we could present that information to the Court.

The court overruled this "objection." Although Trifovesti asserts that the court revoked her probation because of the marijuana test she failed in August, the record shows that the court relied on its prior findings.

To preserve a complaint for appellate review, a party must timely present to the trial court an objection *or motion* stating the specific grounds for the ruling he desired the court to make if the specific grounds are not apparent from the context. TEX.R.APP.P. 52(a). Thus, under the facts of this case, the appellant must show that she made some type of due process objection at the time the trial court continued the hearing, at the time probation was actually revoked, or at the time sentence was imposed. *Rogers v. State*, 640 S.W.2d 248, 263–64 (Tex.Crim.App.1981); *see also Wright v. State*, 640 S.W.2d 265, 270 (Tex. Crim.App.1982).

■ Unlike *Rogers* and *Wright*, in this case Trifovesti did timely complain. In

substance, Trifovesti objected to the court's revocation of her probation without a new hearing proving the August violation and giving her an opportunity to rebut evidence of such violation. An objection that the State has shown no subsequent probation violations and that the court has revoked probation without a hearing is sufficient to implicate a denial of due process. *Matheson v. State*, 719 S.W.2d 204, 205 (Tex. Crim.App.1986). We conclude that Trifovesti's complaint, in the context that she made it, sufficiently apprised both the State and the court of her due process objection. We, therefore, overrule the State's counterpoint.

■ The question of whether the trial court denied appellant due process of law remains. In a probation revocation hearing, the trial judge has discretion to either continue the defendant on probation or to revoke probation and impose sentence. *DeGay v. State*, 741 S.W.2d 445, 449 (Tex. Crim.App.1987). The trial judge, however, is not authorized to revoke probation without proof that the probationer has violated a condition of her probation. *Id.* In reviewing the court's exercise of discretion, the central issue is whether the probationer was afforded due process of law. *Id.* at 450.

■ The factual setting here is not unique. In *Wright v. State*, the Court of Criminal Appeals characterized it as follows:

> [T]he trial court holds a hearing on the motion to revoke, finds that the probationer has violated a condition of probation, but does not immediately render a decision, purporting to take the matter under advisement, and subsequently orders revocation of probation—ostensibly on the initial finding, though the record reflects intervening developments that were not ventilated by motion and hearing.

640 S.W.2d at 266. Both the Court of Criminal Appeals and this Court have strongly condemned this type of procedure by the trial court as violating the minimum requirements of due process. *Wright*, 640 S.W.2d at 270; *Rogers*, 640 S.W.2d at 263;

*McFarland v. State*, 644 S.W.2d 17, 18 (Tex.App.—Dallas 1982, no pet.). Once the trial court has continued the revocation hearing for a prolonged period, the court may not revoke probation without a determination of a new violation. *Wright*, 640 S.W.2d at 270; *Rogers*, 640 S.W.2d at 263. Accordingly, we sustain appellant's point of error.

We reverse the judgments of the trial court revoking probation and imposing sentence and remand both causes.