**In the Matter of P.L.**

**No. 05–02–01350–CV.**

Court of Appeals of Texas, Dallas.

May 7, 2003.

Rehearing Overruled June 11, 2003.

Dean M. Swanda, Arlington, for Appellant.

William T. (Bill) Hill, Jr., Lori L. Ordiway, Asst. Dist. Atty., Dallas, for Appellee.

Before Justices MORRIS, WHITTINGTON, and FRANCIS.

## OPINION

Opinion by Justice FRANCIS.

P.L., a juvenile, challenges the trial court's order modifying his disposition and committing him to the Texas Youth Commission (TYC). In two issues, P.L. argues the commitment order (1) is void for want of jurisdiction because it was rendered after his original probationary term had expired and (2) is erroneous because it relies on an invalid statutory basis. We affirm.

On March 26, 2001, the trial court adjudicated P.L. for engaging in delinquent conduct by possessing cocaine and placed him on probation for twelve months. About one month later, the State filed a motion to modify disposition, alleging P.L. violated the conditions of his probation by failing to obey all published school rules and regulations, by failing to participate in the 30 Day Drug Assessment Program, and by testing positive for illegal drug usage. At a July 25, 2001 hearing on the motion, P.L. pleaded true to all allegations. The trial court accepted the pleas and found P.L. to be a child engaged in delinquent conduct. Pursuant to an agreement between P.L. and the State, the trial court ordered P.L. to the Dallas Youth Academy, a boot camp, but deferred disposition until after his return. The judge explained that P.L. would return to court a couple of weeks after completion of boot camp. The judge further explained that if P.L. did not do well at boot camp or after he returned home, he could be sentenced to TYC.

P.L. successfully completed boot camp and was discharged in early October; however, he did poorly once he returned home.

His misconduct was reported in predisposition report addenda filed by the juvenile department. In November, P.L. "absconded from supervision," and a warrant was issued for his arrest. Thereafter, P.L. failed to appear at the disposition hearing set for December 4. Police eventually arrested P.L. on June 28, 2002, three months after his probationary term was to expire. At the disposition hearing held on July 25, 2002, the trial court sentenced P.L. to TYC.

In his first issue, P.L. makes a two-part argument. First, he complains that the trial court had ruled on the original motion to modify at the July 2001 hearing and the State did not subsequently file a new motion. Thus, citing as authority adult probation revocation cases, he argues the procedure used at the July 2002 disposition hearing violated his due process rights. However, P.L. did not make this objection at the disposition hearing or in his subsequent motion for new trial; consequently, he has waived any error. *See Rogers v. State*, 640 S.W.2d 248, 263–64 (Tex.Crim.App.1981) (op. on State's second motion for reh'g); *Trifovesti v. State*, 759 S.W.2d 507, 509 (Tex.App.-Dallas 1988, pet. ref'd).

Recognizing his failure to object, P.L. attempts to distinguish his case by making his second argument: his revocation occurred after his probationary term expired. He complains that because the prior motion had been ruled on and no new motion was filed, the trial court had no jurisdiction over him at the time he was ultimately sentenced. We disagree.

When a motion to modify a disposition is filed within the probationary term for an alleged violation of the terms and conditions of probation which occurred within the probationary period, and the court proceeds to orderly disposition of that petition within a reasonable time with full regard for the procedural and substantive rights of the child, the court has authority to modify the prior disposition order even though the modification occurs after the termination date specified by the prior order. *In re H.G.*, 993 S.W.2d 211, 213 fn. 1 (Tex.App.-San Antonio 1999, no pet.). The question here is whether the original motion was pending at the time the trial court acted.

At the July 2001 hearing, the judge specifically advised P.L. as follows:

> For about eight weeks you go to [boot camp], and if you do well, then you get to come home and stay there for a couple of weeks before we come back to court.

> If you do well on the residential part, and if you do well at home, the probation officer comes back to court and recommends that you get a years probation at home on intensive supervision, instead of recommending that you go somewhere for long-term placement or be committed to the Texas Youth Commission. But if you don't do well either in the residential part or after you get home, then you have got to be back in detention, and you will be looking at either long-term placement or the Texas Youth Commission.

After assuring that P.L. understood, the trial court then "reset the disposition." It is clear from the trial court's comments no disposition was made at the July 2001 hearing and that the disposition hearing was continued until after P.L. completed boot camp. Thus, we conclude the motion was pending at the time P.L. was sentenced to TYC. By continuing the original hearing and sending P.L. to boot camp, the judge gave P.L. the opportunity to avoid TYC for violating his probation. After P.L.'s discharge from boot camp, a disposition hearing was set for December, a time

within the probationary term. P.L., however, failed to appear at the hearing. The disposition hearing was ultimately held within one month of P.L.'s arrest. Under the facts presented, we conclude the court proceeded to an orderly disposition of the petition and had authority to modify disposition, even though it was after the termination date set out in the prior order. *Cf. Guillot v. State,* 543 S.W.2d 650, 652 (Tex. Crim.App.1976) (in adult probation case, where revocation motion is filed and arrest warrant issues prior to expiration of probationary period, hearing conducted after expiration of such but shortly after arrest is proper, particularly where delay is due to actions of defendant). We resolve the first issue against P.L.

In his second issue, P.L. complains the commitment order is erroneous because it recites that P.L. was eligible for commitment to TYC pursuant to section 54.04(q), which governs original dispositions. Because this proceeding was a modification and not an original disposition, P.L. argues the trial court should have relied on section 54.05 and its failure to do so was an abuse of discretion requiring reversal. We agree with P.L. that section 54.05 of the family code governs this case; however, we are not persuaded that the trial court's mistake in reciting the wrong statute requires reversal.

■■■ The Legislature has vested Juvenile Courts with great discretion in determining the suitable disposition of children found to have engaged in delinquent conduct. This is especially so regarding hearings to modify disposition. *In re J.M.,* 25 S.W.3d 364, 367 (Tex.App.-Fort Worth 2000, no pet.). The trial court abuses its discretion if it acts unreasonably or arbitrarily. *J.R.W. v. State,* 879 S.W.2d 254, 257 (Tex.App.-Dallas 1994, no writ). We review the entire record to determine if the trial court acted without reference to any guiding rules or principles. *Id.*

■■ Section 54.05(i) requires a trial court to "specifically state in the order its reasons for modifying the disposition and shall furnish a copy of the order to the child." Tex. Fam.Code Ann. § 54.05(i) (Vernon 2002). This requirement allows the appellate court to determine whether the evidence supports the reasons recited and whether those reasons are sufficient to justify the order of disposition. *In re A.R.D.,* 100 S.W.3d 649, 651 (Tex.App.-Dallas, 2003, no pet. h.). This assures the child will have notice of the court's reason for modifying the disposition and will be in a position to challenge those reasons on appeal. *Id.*

In its commitment order, the trial court found P.L. (1) was previously adjudged to be a child engaged in delinquent conduct, was placed on probation, and received a copy of the terms and conditions of probation and (2) violated specific conditions of probation to which P.L. had pleaded true. The order further provided:

> The Court further finds that the Respondent Child is eligible for commitment to the Texas Youth Commission pursuant to Section 54.04(q) of the Juvenile Justice Code for engaging in delinquent conduct that violates a penal law of this State; and the Respondent Child has been adjudicated as having engaged in delinquent conduct for violating a penal law of the grade of felony to wit: on JUNE 26, 2000 the Respondent Child committed the FELONY offense of POSSESSION OF COCAINE and was adjudicated for said offense on MARCH 12, 2001.

Section 54.05(f) provides that, in a disposition based on a finding that a child engaged in delinquent conduct that violates a felony law, as here, a trial court can modify disposition to commit the child to TYC

if, after a hearing, it finds "by a preponderance of the evidence that the child violated a reasonable and lawful order of the court." *See* TEX. FAM.CODE ANN. § 54.05(f) (Vernon 2002).

The written order in this case tracks the language of section 54.05(f). Although the trial court mistakenly recited section 54.04(q), it specifically explained the reasons for the court's action, and the order clearly gave P.L. notice of the trial court's reasons for modifying his disposition. Under these circumstances, we cannot conclude the trial court acted without any reference to any guiding rules or principles and abused its discretion. We resolve the second issue against P.L.

We affirm the trial court's order modifying disposition with TYC commitment.