TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00511-CV







In the Matter of J. D.








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. J-22193, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING



 


M E M O R A N D U M O P I N I O N



 On November 5, 2002, J. D., a juvenile, was adjudicated delinquent and placed on
probation for one year. Three months later, the State filed a motion to modify, alleging J. D. had
violated a court order by violating the rules of his probation. At a hearing before a juvenile court
referee, the State waived three of its four allegations of misconduct, alleging only that J. D. had
violated the rule requiring him to attend school by accumulating eighty-six unexcused absences. At
the hearing on the State's motion, J. D. admitted that he had been adjudicated delinquent and placed
on probation on November 5, his probation required him to follow certain rules, and he violated the
rules by having eighty-six unexcused absences. The referee found that J. D. had violated a court
order and recommended that he be committed to the Texas Youth Commission ("TYC") for an
indeterminate period of time. The trial court approved the recommendation, and J. D. appeals,
arguing that (1) the modification order is insufficient because it does not specifically state the reasons
for the modification and (2) the evidence is insufficient to support the modification order. We affirm
the order modifying J. D.'s disposition and committing him to TYC.


Did the Order Give Sufficient Explanation?


 J. D. first argues that the court largely recited statutory language, rather than making
specific and tailored findings. This, he contends, renders the order deficient and requires reversal.

 When a court modifies the disposition of a juvenile who has already been adjudicated
delinquent, the court "shall specifically state in the order its reasons" for the modification. Tex. Fam.
Code Ann. § 54.05(i) (West Supp. 2004). In this order, the court found that J. D. violated a
probation condition and was therefore adjudged to have violated a lawful court order, explaining that
J. D. had accumulated eighty-six school absences in a short time. The order then recites the
following findings: J. D. would not accept parental supervision and demonstrated a disregard for
authority; he could not receive the necessary care, support, and supervision in his home; all
reasonable efforts were made to try to avoid J. D.'s removal from his home; and it was in J. D.'s and
society's best interest for him to be committed to TYC. See id. § 54.04(c), (i) (West Supp. 2004). 
J. D. asserts that the order is inadequate because the trial court "never stated its own reasons for
modifying the disposition" and instead merely tracked statutory language.

 Initially, we note that in modifying a juvenile's disposition, a juvenile court is not
required to make findings as to best interest, reasonable efforts, in-home care, or parental
supervision. In re J.P., 47 Tex. Sup. Ct. J. 579, 579-80, 2004 Tex. LEXIS 440, at *4-5 (May 14,
2004). Such findings are required in an order making an initial determination of disposition, Tex.
Fam. Code Ann. § 54.04, but the statute does not require a court to make those findings when
modifying an existing disposition. J.P., 2004 Tex. LEXIS 440, at *4-5; In re D.R.A., 47 S.W.3d 813,
814-15 (Tex. App.--Fort Worth 2001, no pet.); In re M.A.L., 995 S.W.2d 322, 324 (Tex.
App.--Waco 1999, no pet.); In re H.G., 993 S.W.2d 211, 214 (Tex. App.--San Antonio 1999, no
pet.). A child's disposition may be modified and he may be committed to TYC "if (1) the original
disposition was for conduct constituting a felony or multiple misdemeanors, and (2) the court finds
the child violated a reasonable and lawful order of the court." J.P., 2004 Tex. LEXIS 440, at *4. 
Therefore, the inclusion in this order of further findings in any form was unnecessary, and any lack
of specificity in such findings is not grounds for reversal.

 Furthermore, it is not inappropriate for an order to track statutory language. See In
re P.L., 106 S.W.3d 334, 338 (Tex. App.--Dallas 2003, no pet.). An order modifying disposition
is intended to allow appellate courts to determine whether sufficient evidence supports the juvenile
court's findings and determinations and to give the child notice of the court's reasoning and an
opportunity to challenge the order on appeal. Id. at 337; In re A.R.D., 100 S.W.3d 649, 650 (Tex.
App.--Dallas 2003, no pet.). Here, the only issues that are subject to challenge relate to whether
J. D. violated a court order--an allegation he admitted--and whether he had previously been
adjudicated for committing a felony offense, discussed below. See J.P., 2004 Tex. LEXIS 440, at
*5-7, 12. The order clearly described how J. D. violated the court order. Although the order does
not recite that J. D. was originally adjudicated for felony conduct, such a finding is not required by
statute, Tex. Fam. Code Ann. § 54.05(f), (i); J.P., 2004 Tex. LEXIS 440, at *4, and J. D. cannot
argue that he was unaware of this fact or that this Court will be handicapped in its review by the lack
of such a finding. See P.L., 106 S.W.3d at 337.

 We hold the language and findings in the order to be sufficient and overrule J. D.'s
first point of error.


Sufficiency of the Evidence


 J. D. next argues that the record does not contain any evidence that he was originally
adjudicated delinquent for a felony offense or successive misdemeanor offenses and thus the
evidence is insufficient to show that he was eligible for TYC commitment.

 A juvenile court has broad discretion to determine the suitable disposition of a child
who has engaged in delinquent conduct. In re A.I., 82 S.W.3d 377, 379 (Tex. App.--Austin 2002,
pet. denied); In re C.C., 13 S.W.3d 854, 859 (Tex. App.--Austin 2000, no pet.). If a child has been
adjudicated delinquent for a felony (1) and later violates a reasonable and lawful court order, a juvenile
court may remove the child from his home and commit him to TYC. Tex. Fam. Code Ann.
§ 54.05(f). We review a juvenile court's decision to see whether the court acted unreasonably or in
an arbitrary manner. A.I., 82 S.W.3d at 379-80; C.C., 13 S.W.3d at 859; see Beaumont Bank, N.A.
v. Buller, 806 S.W.2d 223, 226 (Tex. 1991). We review the legal and factual sufficiency of the
evidence under the standards of review applied in criminal cases. C.C., 13 S.W.3d at 858-59. In
reviewing legal sufficiency, we view the evidence in the light most favorable to the court's findings
and determine whether a rational trier of fact could have found each criterion beyond a reasonable
doubt. Id. at 858. In reviewing factual sufficiency, we view all of the evidence in a neutral light,
setting aside the disposition order only if the findings are so against the great weight and
preponderance of the evidence as to be manifestly unjust. Id. at 859. If a juvenile court has proper
evidentiary support for its findings, we will uphold its determination. See In re J.R., 907 S.W.2d
107, 110 (Tex. App.--Austin 1995, no writ).

 After J. D. admitted that he was adjudicated delinquent on November 5, 2002, placed
on probation, and violated the terms of probation by missing school, the referee asked if there were
any objections to his reading a court report prepared for the hearing by J. D.'s probation officer. 
Neither side objected to the report. The report, which is included in the clerk's record, states that
J. D. was "originally placed on probation for Indecency with a Child by Contact, for a term of 12
months" and contains the following notation: "Ind/ChildCn . . . PROB 11/05/02." (2) The report also
states that J. D. "has been adjudicated on a felony offense, Indecency with a Child by Contact," and
thus was eligible for TYC commitment. Indecency with a child by contact is a second-degree felony.
See Tex. Pen. Code Ann. § 21.11(a)(1), (d) (West 2003). We hold that the court report, which was
introduced into evidence without objection by J. D., constitutes sufficient evidence to find that J. D.
had been adjudicated of a felony offense. Therefore, it was not an abuse of discretion to commit him
to TYC. See Tex. Fam. Code Ann. § 54.05(f). We overrule J. D.'s second point of error.


Conclusion

 Having overruled both of J. D.'s points of error, we affirm the trial court's order
modifying his disposition and committing him to TYC.



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: July 15, 2004
1. A juvenile who has committed multiple misdemeanor offenses may also be eligible for
TYC commitment. See Tex. Fam. Code Ann. § 54.05(f), (k) (West Supp. 2004).
2. The report also shows five other alleged offenses that were apparently resolved when J. D.
was placed on probation for the adjudicated indecency charge. The offenses (possession of cocaine,
three charges of aggravated sexual assault, and a second allegation of indecency with a child by
contact) are listed with the notation "ADJ@DISP" on November 5, 2002, the day of the adjudication. 
One other alleged offense, delivery of a controlled substance, is noted as "PENDING."