# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00511-CV

**In the Matter of J. D.**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
## NO. J-22193, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On November 5, 2002, J. D., a juvenile, was adjudicated delinquent and placed on probation for one year. Three months later, the State filed a motion to modify, alleging J. D. had violated a court order by violating the rules of his probation. At a hearing before a juvenile court referee, the State waived three of its four allegations of misconduct, alleging only that J. D. had violated the rule requiring him to attend school by accumulating eighty-six unexcused absences. At the hearing on the State's motion, J. D. admitted that he had been adjudicated delinquent and placed on probation on November 5, his probation required him to follow certain rules, and he violated the rules by having eighty-six unexcused absences. The referee found that J. D. had violated a court order and recommended that he be committed to the Texas Youth Commission ("TYC") for an indeterminate period of time. The trial court approved the recommendation, and J. D. appeals, arguing that (1) the modification order is insufficient because it does not specifically state the reasons

for the modification and (2) the evidence is insufficient to support the modification order. We affirm the order modifying J. D.'s disposition and committing him to TYC.

**Did the Order Give Sufficient Explanation?**

J. D. first argues that the court largely recited statutory language, rather than making specific and tailored findings. This, he contends, renders the order deficient and requires reversal.

When a court modifies the disposition of a juvenile who has already been adjudicated delinquent, the court "shall specifically state in the order its reasons" for the modification. Tex. Fam. Code Ann. § 54.05(i) (West Supp. 2004). In this order, the court found that J. D. violated a probation condition and was therefore adjudged to have violated a lawful court order, explaining that J. D. had accumulated eighty-six school absences in a short time. The order then recites the following findings: J. D. would not accept parental supervision and demonstrated a disregard for authority; he could not receive the necessary care, support, and supervision in his home; all reasonable efforts were made to try to avoid J. D.'s removal from his home; and it was in J. D.'s and society's best interest for him to be committed to TYC. *See id.* § 54.04(c), (i) (West Supp. 2004). J. D. asserts that the order is inadequate because the trial court "never stated its own reasons for modifying the disposition" and instead merely tracked statutory language.

Initially, we note that in modifying a juvenile's disposition, a juvenile court is not required to make findings as to best interest, reasonable efforts, in-home care, or parental supervision. *In re J.P.*, 47 Tex. Sup. Ct. J. 579, 579-80, 2004 Tex. LEXIS 440, at *4-5 (May 14, 2004). Such findings are required in an order making an initial determination of disposition, Tex. Fam. Code Ann. § 54.04, but the statute does not require a court to make those findings when

2

modifying an existing disposition. *J.P.*, 2004 Tex. LEXIS 440, at *4-5; *In re D.R.A.*, 47 S.W.3d 813, 814-15 (Tex. App.—Fort Worth 2001, no pet.); *In re M.A.L.*, 995 S.W.2d 322, 324 (Tex. App.—Waco 1999, no pet.); *In re H.G.*, 993 S.W.2d 211, 214 (Tex. App.—San Antonio 1999, no pet.). A child's disposition may be modified and he may be committed to TYC "if (1) the original disposition was for conduct constituting a felony or multiple misdemeanors, and (2) the court finds the child violated a reasonable and lawful order of the court." *J.P.*, 2004 Tex. LEXIS 440, at *4. Therefore, the inclusion in this order of further findings in any form was unnecessary, and any lack of specificity in such findings is not grounds for reversal.

Furthermore, it is not inappropriate for an order to track statutory language. *See In re P.L.*, 106 S.W.3d 334, 338 (Tex. App.—Dallas 2003, no pet.). An order modifying disposition is intended to allow appellate courts to determine whether sufficient evidence supports the juvenile court's findings and determinations and to give the child notice of the court's reasoning and an opportunity to challenge the order on appeal. *Id.* at 337; *In re A.R.D.*, 100 S.W.3d 649, 650 (Tex. App.—Dallas 2003, no pet.). Here, the only issues that are subject to challenge relate to whether J. D. violated a court order—an allegation he admitted—and whether he had previously been adjudicated for committing a felony offense, discussed below. *See J.P.*, 2004 Tex. LEXIS 440, at *5-7, 12. The order clearly described how J. D. violated the court order. Although the order does not recite that J. D. was originally adjudicated for felony conduct, such a finding is not required by statute, Tex. Fam. Code Ann. § 54.05(f), (i); *J.P.*, 2004 Tex. LEXIS 440, at *4, and J. D. cannot argue that he was unaware of this fact or that this Court will be handicapped in its review by the lack of such a finding. *See P.L.*, 106 S.W.3d at 337.

We hold the language and findings in the order to be sufficient and overrule J. D.'s first point of error.

**Sufficiency of the Evidence**

J. D. next argues that the record does not contain any evidence that he was originally adjudicated delinquent for a felony offense or successive misdemeanor offenses and thus the evidence is insufficient to show that he was eligible for TYC commitment.

A juvenile court has broad discretion to determine the suitable disposition of a child who has engaged in delinquent conduct. *In re A.I.*, 82 S.W.3d 377, 379 (Tex. App.—Austin 2002, pet. denied); *In re C.C.*, 13 S.W.3d 854, 859 (Tex. App.—Austin 2000, no pet.). If a child has been adjudicated delinquent for a felony[1] and later violates a reasonable and lawful court order, a juvenile court may remove the child from his home and commit him to TYC. Tex. Fam. Code Ann. § 54.05(f). We review a juvenile court's decision to see whether the court acted unreasonably or in an arbitrary manner. *A.I.*, 82 S.W.3d at 379-80; *C.C.*, 13 S.W.3d at 859; *see Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). We review the legal and factual sufficiency of the evidence under the standards of review applied in criminal cases. *C.C.*, 13 S.W.3d at 858-59. In reviewing legal sufficiency, we view the evidence in the light most favorable to the court's findings and determine whether a rational trier of fact could have found each criterion beyond a reasonable doubt. *Id.* at 858. In reviewing factual sufficiency, we view all of the evidence in a neutral light,

---

[1] A juvenile who has committed multiple misdemeanor offenses may also be eligible for TYC commitment. *See* Tex. Fam. Code Ann. § 54.05(f), (k) (West Supp. 2004).

4

setting aside the disposition order only if the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. *Id.* at 859. If a juvenile court has proper evidentiary support for its findings, we will uphold its determination. *See In re J.R.*, 907 S.W.2d 107, 110 (Tex. App.—Austin 1995, no writ).

After J. D. admitted that he was adjudicated delinquent on November 5, 2002, placed on probation, and violated the terms of probation by missing school, the referee asked if there were any objections to his reading a court report prepared for the hearing by J. D.'s probation officer. Neither side objected to the report. The report, which is included in the clerk's record, states that J. D. was "originally placed on probation for Indecency with a Child by Contact, for a term of 12 months" and contains the following notation: "Ind/ChildCn . . . PROB 11/05/02."[2] The report also states that J. D. "has been adjudicated on a felony offense, Indecency with a Child by Contact," and thus was eligible for TYC commitment. Indecency with a child by contact is a second-degree felony. *See* Tex. Pen. Code Ann. § 21.11(a)(1), (d) (West 2003). We hold that the court report, which was introduced into evidence without objection by J. D., constitutes sufficient evidence to find that J. D. had been adjudicated of a felony offense. Therefore, it was not an abuse of discretion to commit him to TYC. *See* Tex. Fam. Code Ann. § 54.05(f). We overrule J. D.'s second point of error.

---

[2] The report also shows five other alleged offenses that were apparently resolved when J. D. was placed on probation for the adjudicated indecency charge. The offenses (possession of cocaine, three charges of aggravated sexual assault, and a second allegation of indecency with a child by contact) are listed with the notation "ADJ@DISP" on November 5, 2002, the day of the adjudication. One other alleged offense, delivery of a controlled substance, is noted as "PENDING."

## Conclusion

Having overruled both of J. D.'s points of error, we affirm the trial court's order modifying his disposition and committing him to TYC.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   July 15, 2004