In The



Court of Appeals



Ninth District of Texas at Beaumont



 __________________ 


 

NO. 09-05-510 CV


______________________


 

IN THE MATTER OF D.G., III






On Appeal from County Court at Law No. 1


 Montgomery County, Texas 


Trial Cause No. 04-06-04990 JV







MEMORANDUM OPINION


 D.G., III, a juvenile, appeals the trial court's modification order committing him to
the Texas Youth Commission. We affirm the court's order.

 A trial court's modification of a juvenile disposition is reviewed under an abuse of
discretion standard. In re T.R.S., 115 S.W.3d 318, 320 (Tex. App.--Texarkana 2003, no pet.);
In re P.L., 106 S.W.3d 334, 337 (Tex. App.--Dallas 2003, no pet.); In re K.J.N., 103 S.W.3d
465, 465-66 (Tex. App.--San Antonio 2003, no pet.). Juvenile courts are afforded broad
discretion in determining whether to modify the disposition of children found to have
engaged in delinquent conduct. P.L., 106 S.W.3d at 337. A trial court may modify
disposition and commit a juvenile to the Texas Youth Commission if, after a hearing, it finds
by a preponderance of the evidence that the juvenile violated a reasonable and lawful order
of the court. Tex. Fam. Code Ann. § 54.05(f) (Vernon Supp. 2006).

 D.G. was serving probation until age eighteen for engaging in delinquent conduct by
committing two counts of aggravated robbery. The terms and conditions of his probation
required that he obey all federal, state, and municipal laws, and not use, sell, or possess any
firearm or other deadly weapon or be in the company of those who do. The State filed a
motion to modify the juvenile court's previous disposition, alleging D.G. violated the terms
of his probation by committing aggravated robbery with a deadly weapon, possessing a
handgun, and being in the company of R.H., who possessed a handgun. See Tex. Fam.
Code Ann. § 54.05(a),(d) (Vernon Supp. 2006). The violations were alleged to have
occurred on the same day.

 The juvenile court held a hearing on the motion in accordance with Tex. Fam. Code
Ann. § 54.05. Based on the evidence, the court found by a preponderance of the evidence
that D.G. violated the terms of his probation as to all three allegations. The trial court then
heard further evidence and commited D.G. to the Texas Youth Commission for an
indeterminate period of time, not to exceed his twenty-first birthday. 

 In D.G.'s first three issues on appeal, he argues the evidence at the hearing on the
motion to modify did not support the court's finding that he violated his probation as to all
three allegations, because the State failed to meet its burden under Tex. Code Crim. Proc.
art. 38.14 to provide sufficient evidence to corroborate the accomplice testimony of R.H. 
Article 38.14 provides that "[a] conviction cannot be had upon the testimony of an
accomplice unless corroborated by other evidence tending to connect the defendant with the
offense committed; and the corroboration is not sufficient if it merely shows the commission
of the offense." Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 2005). The Texas Family
Code provides a similar provision relating to a juvenile adjudication hearing:

 An adjudication of delinquent conduct or conduct indicating a need for
supervision cannot be had upon the testimony of an accomplice unless
corroborated by other evidence tending to connect the child with the alleged
delinquent conduct or conduct indicating a need for supervision; and the
corroboration is not sufficient if it merely shows the commission of the alleged
conduct. 

 

Tex. Fam. Code Ann. § 54.03(e) (Vernon Supp. 2006). 

 

 In In re L.T., III, the Tyler Court of Appeals, held that neither article 38.14 nor section
54.03(e) applies to the modification hearing of a juvenile's disposition. In re L.T., III, No.
12-05-00048-CV, 2006 Tex. App. LEXIS 826, at *7 (Tex. App.--Tyler Jan. 31, 2006, no
pet.). The Texas Family Code provisions regarding the modification of a juvenile's
disposition are similar to the Texas Code of Criminal Procedure provisions regarding
revocation of an adult's probation. See In the Matter of J.A.D., 31 S.W.3d 668, 670 (Tex. 
App. --Waco 2000, no pet.). The burden of proof requirement in a hearing on an adult's
probation revocation, similar to a hearing on modification of a juvenile's disposition, is a
preponderance of the evidence standard. See Cobb v. State, 851 S.W.2d 871, 874 (Tex.
Crim. App. 1993); Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). Because
of the similarity of the provisions, appellate courts reviewing procedures for modification of
a juvenile's disposition have been guided by case-law concerning adult revocation. In re
J.A.D., 31 S.W.3d 668, 670 (Tex. App.--Waco 2000, no pet.). Article 38.14 does not apply
in an adult's probation revocation hearing. Moreno v. State, 476 S.W.2d 684, 685 (Tex.
Crim. App. 1972); Soliz v. State, 171 Tex. Crim. 376, 350 S.W.2d 566, 567 (1961) ("The
result of such hearing is not a 'conviction' but a finding upon which the trial court may
exercise his discretion by revoking or continuing the probation."). A trial court may revoke
an adult's probation based on uncorroborated testimony of an accomplice witness. Howery
v. State, 528 S.W.2d 230, 233 (Tex. Crim. App. 1975); Hulsey v. State, 447 S.W.2d 165, 167
(Tex. Crim. App. 1969). 

 Based on the similarity of the adult probation revocation provisions and the
modification of a juvenile's disposition provisions, we agree with the Tyler Court of
Appeals' decision in In the Matter of L.T., III holding that neither article 38.14 nor 54.03(e)
apply to the modification of a juvenile's disposition. R.H.'s testimony as an accomplice
witness did not require corroboration. 

 D.G. did not directly challenge the sufficiency of the evidence supporting the court's
findings that he violated a reasonable and lawful order of the court, only the sufficiency of
the evidence corroborating R.H.'s testimony pursuant to Tex. Code Crim. Proc. art. 38.14. 
R.H. testified D.G. planned the robbery, instructed him on how to carry out the robbery, and
gave R.H. a gun to use during the robbery shortly before the robbery occurred. D.G. told
R.H. to put on a mask provided by one of D.G.'s friends. R.H. also stated D.G. was in
possession of a gun a few days prior to the robbery and when D.G.'s probation officer visited
D.G.'s home, D.G. handed the gun over to R.H. 

 J.H. testified he witnessed D.G. in possession of a handgun. Three witnesses testified
they observed D.G. watching the store, counting seconds out loud, and then fleeing the scene
after the robbery. Even if corroborating testimony were required, sufficient evidence exists
in this record.

 In D.G.'s fourth issue, he contends the evidence adduced at his disposition hearing
was factually insufficient to support the court's commitment of D.G. to the Texas Youth
Commission, because there was no evidence to support the court's finding that commitment
was in his best interest or that a reasonable effort had been made to prevent or eliminate the
need for the appellant's removal from his home. A factual sufficiency review requires an
examination of all of the evidence in determining whether the finding in question is so
against the great weight and preponderance of the evidence as to be manifestly unjust. In re
L.R., 67 S.W.3d 332, 339 (Tex. App.--El Paso 2001, no pet.); In re K.L.C., 972 S.W.2d 203,
206 (Tex. App.--Beaumont 1998, no pet.). 

 Aggravated robbery is an offense for which commitment to the Texas Youth
Commission is authorized. Tex. Fam. Code Ann. § 54.05(f) (Vernon Supp. 2006). If after
a hearing to modify disposition, a court commits the child to the Texas Youth Commission,
the court must include in its order that:

 (A) it is in the child's best interests to be placed outside the child's home; 

 (B) reasonable efforts were made to prevent or eliminate the need for the
child's removal from the child's home and to make it possible for the child to
return home; and

 (C) the child, in the child's home, cannot be provided the quality of care and
level of support and supervision that the child needs to meet the conditions of
probation[.]


Tex. Fam. Code Ann. § 54.05(m)(1). The trial court included these findings in its
dispositional order committing D.G. to T.Y.C. 

 During the disposition phase of the hearing, the State reurged the evidence presented
during the part of the hearing on the probation violations. The court admitted into evidence
the Montgomery County Juvenile Department's Evaluation/Recommendation regarding D.G. 
The Evaluation/Recommendation outlined the resources exhausted in attempting to
rehabilitate D.G.: determinate probation for five years with Harris County, intensive
supervision probation with Montgomery County, electronic monitoring, detention,
Community Service Restitution Weekend Program, Texas Youth Commission Tour, and
Family Life/Coping Skills Group. The Department recommended D.G. be committed to the
Texas Youth Commission based on the "seriousness of [his] history." 

 Debora McFall, D.G.'s probation officer, testified at the hearing. She testified that
D.G. was first placed on probation in Harris County for aggravated robbery. He later was
placed on the most restrictive probation until age eighteen in Montgomery County for two
counts of aggravated robbery. Although she stated D.G. was compliant while in detention,
she also stated he had threatened her during a visit with him in detention. She testified to the
resources exhausted in attempting to rehabilitate D.G. as stated in the juvenile department's
Evaluation/Recommendation. She explained these measures were taken to avoid removing
D.G. from his home, and testified Montgomery County Juvenile Probation Department had
exhausted all resources for D.G. McFall did not think it was possible for D.G. to be provided
with the quality of care and the level of support supervision he needed to succeed on
probation while still in his home. She testified the Texas Youth Commission would be the
best place for D.G. based on his prior offenses and the danger he poses to the public. 

 The evidence in the record supports the trial court's determination that commitment
to the Texas Youth Commission was in D.G.'s best interest and that reasonable efforts had
been made to eliminate the need to remove D.G. from the home. The trial court did not
abuse its discretion in modifying D.G..'s juvenile disposition and committing him to the
Texas Youth Commission. 

 D.G.'s issues are overruled. The trial court's order is affirmed.

 AFFIRMED. 

 _________________________________

 DAVID GAULTNEY

 Justice


Submitted on September 11, 2006

Opinion Delivered November 16, 2006


Before McKeithen, C.J., Gaultney and Kreger, J.J.