NUMBER 13-07-426-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN THE MATTER OF M.A.H., A JUVENILE

 


On appeal from County Court at Law No. 1

of Calhoun County, Texas,


Sitting as a Juvenile Court.

 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Vela


Memorandum Opinion by Justice Vela


 

 M.A.H., a juvenile, pleaded true to the offense of indecency with a child by
exposure (1) and was placed on probation for one year. During his probation, the State filed
a motion to modify disposition, and the court extended his probation for an additional six
months and committed him to the Pegasus School, which discharged him without a
successful completion of the treatment program. During his extended probationary period,
the State filed a second motion to modify disposition, and after a hearing, the court revoked
his probation and committed him to the Texas Youth Commission (T.Y.C.). By two issues,
M.A.H. argues the trial court erred in revoking his probation because the revocation
resulted from the violation of a condition too vague for enforcement, and the evidence was
legally insufficient to support revocation. We affirm.

I. Vagueness of Probation Condition

 In issue one, M.A.H. contends the trial court erred in revoking his probation because
the revocation resulted from the violation of a condition too vague for enforcement. In
Rickels, the court of criminal appeals restated its holding that "a defendant must complain
at trial to the [community supervision] conditions he finds objectionable." Rickels v. State,
108 S.W.3d 900, 902 (Tex. Crim. App. 2003) (internal quotations omitted). By failing to
object to the terms and conditions of probation at trial, a defendant affirmatively waives any
complaints he or she may have had. Id.; Speth v. State, 6 S.W.3d 530, 534 (Tex. Crim.
App. 1999). Here, the record does not reflect M.A.H. objected to the complained-of
probation condition at any time other than on appeal. Accordingly, we hold M.A.H. failed
to preserve this complaint for review. See Speth, 6 S.W.3d at 535 (holding defendant
could not complain of community-supervision conditions for first time on appeal). Issue
one is overruled.

II. Sufficiency of the Evidence


 In issue two, M.A.H. contends the evidence is legally insufficient to show he violated
a probation condition. 

A. Standard of Review

 Juvenile courts are vested with broad discretion in determining whether to modify
the disposition of children found to have engaged in delinquent conduct. In re C.S., 198
S.W.3d 855, 857 (Tex. App.-Dallas 2006, no pet.); In re P.L., 106 S.W.3d 334, 337 (Tex.
App.-Dallas 2003, no pet.). The trial court abuses its discretion if it acts unreasonably or
arbitrarily. In re P.L., 106 S.W.3d at 337. In reviewing an order modifying disposition, we
examine the entire record to determine whether the trial court acted unreasonably or
arbitrarily or without reference to any guiding rules or principle. In re C.S., 198 S.W.3d at
857; In re P.L., 106 S.W.3d at 337. 

 Under section 54.05(f) of the Texas Family Code, the trial court may modify a
disposition to commit a child to T.Y.C. if, after a hearing, it finds by a preponderance of the
evidence that the child violated a reasonable and lawful order of the court. Tex. Fam. Code
Ann. § 54.05(f) (Vernon Supp. 2008); In re J.M., 133 S.W.3d 721, 724 (Tex. App.-Corpus
Christi 2003, no pet.). (2) In a probation-revocation case, the State meets the
preponderance-of-the-evidence standard when the greater weight of the credible evidence
creates a reasonable belief that the defendant violated a condition of his or her probation
as alleged. See Jenkins v. State, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983); Johnson
v. State, 943 S.W.2d 83, 85 (Tex. App.-Houston [1st Dist.] 1997, no pet.). Furthermore,
the trial court is the sole trier of fact at a probation-revocation hearing and determines the
credibility of the witnesses and the weight to be given to their testimony. See Johnson, 943
S.W.2d at 85. The evidence is examined in the light most favorable to the trial court's
order. See Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); Johnson, 943
S.W.2d at 85.

B. The State's First Motion to Modify Disposition


 The applicable probation conditions stated: "You [M.A.H.] are required to attend any
counseling or treatment in which the Juvenile Services Department feels is necessary for
your best interest in your rehabilitative effort;" and "The Juvenile-Respondent [M.A.H.] shall
be committed to the Texas Youth Commission if Pegasus is unable to accept him." On
November 8, 2006, pursuant to the State's first motion to modify disposition, the trial court
signed an "ORDER MODIFYING DISPOSITION WITH PLACEMENT" that stated, in
relevant part:

 The Court finds, by a preponderance of the evidence, that the Juvenile
Respondent, [M.A.H.], has violated a reasonable and lawful order of this
Court, to-wit:


 H. REHABILITATION AND TREATMENT:

 2. You are required to attend any counseling or treatment in which the
Juvenile Services Department feels is necessary for your best interest in your
rehabilitative efforts.


 On or about September 26, 2006, [M.A.H.] failed to abide by
treatment program regulations. [M.A.H.] has received ninety-five (95) incident
reports since admission to include escape risk, danger to self, danger to
others, neglect in therapy, disruption of program and threat staff/peers etc.


 The order reflects that the court extended M.A.H.'s probationary period for an
additional six months. The order further stated: "THE COURT FINDS that the best interest
of the Juvenile-Respondent and the community will be served by placing the Juvenile-Respondent outside the child's home and committing the Juvenile-Respondent to the care,
custody and control of Pegasus . . . ." In addition, this order stated that M.A.H. "is hereby
committed to Pegasus . . . for a period of not less than three (3) months, but no more than
six (6) months, or until said child is successfully discharged by the facility." 

C. Hearing on State's Second Motion to Modify Disposition


 On February 7, 2007, the State filed its second motion to modify disposition,
alleging, in relevant part, that on November 8, 2006, the court "held a modification of
disposition hearing," at the conclusion of which the court placed M.A.H. "on probation for
an additional period of six (6) months under the conditions set forth by this Court in the
Order Modifying Disposition." (3) The motion further alleged that M.A.H. violated the terms
and conditions of his probation as follows: "You are required to attend any counseling or
treatment in which the Juvenile Services Department feels is necessary for your best
interest in your rehabilitative efforts. On or about January 25, 2007, [M.A.H.], failed to
successfully complete placement and was unsuccessfully discharged."

 On June 15, 2007, the trial court held a hearing on the State's second motion to
modify disposition. (4) The sole witness at the hearing was Cindy Rains, the Chief Juvenile
Probation Officer for Calhoun County. She testified that two of M.A.H.'s probation
conditions were that he attend Pegasus School until successfully discharged by the facility
and that he obey the rules and regulations of that school and perform according to his
ability. She further testified that his assignment to Pegasus by her department was
"[t]herapeutic in purpose" and that he "was attending Pegasus for their sex offender
treatment program." When the prosecutor asked her, "[W]as [M.A.H.] successfully
discharged by Pegasus School?", she replied, "No, sir. He was not."

 On redirect-examination, the State asked Ms. Rains:

 Q. Ms. Rains, they [Pegasus] contacted you to pick up [M.A.H.]; is that
correct?


 A. Yes, sir, they did.


 Q. And at that time you were informed that it was an unsuccessful
discharge?


 A. Yes.


Her testimony showed that law enforcement picked M.A.H. up from the Pegasus School
on January 25, 2007.

 M.A.H. did not testify, and the defense called no witnesses to testify on his behalf.

 After hearing Rains's testimony, the trial court referred to its previous order
modifying disposition with placement and stated in open court: "[I]n this order he [M.A.H.]
was ordered to be committed to Pegasus until successfully discharged" and "[t]he Court
will find that there's no reasonable alternative. I placed him in Pegasus, and we are out
of alternatives. I'll place him in T.Y.C."

 After the hearing, the trial court signed an "ORDER MODIFYING DISPOSITION
WITH COMMITMENT TO THE TEXAS YOUTH COMMISSION," in which it stated, in
relevant part:

 The Court finds, by preponderance of the evidence, that the Juvenile-Respondent, [M.A.H.], has violated a reasonable and lawful order of this
Court, to-wit:


 H. REHABILITATION AND TREATMENT:

 2. You are required to attend any counseling or treatment in which the
Juvenile Services Department feels is necessary for your best interest in your
rehabilitative efforts.


 On or about January 25, 2007, [M.A.H.], failed to successfully
complete placement and was unsuccessfully discharged.


The order committed M.A.H. to the care, custody, and control of T.Y.C.

D. Analysis

 As a condition of probation, M.A.H. was required to attend any counseling or
treatment in which the Juvenile Services Department felt was necessary for his best
interest in his rehabilitative efforts. The 2006 order modifying disposition with placement
extended his probation for an additional six months and committed him to Pegasus "for a
period of not less than three (3) months, but no more than six (6) months, or until said child
is successfully discharged by the facility." Rains testified that M.A.H. was placed in the
Pegasus School for therapeutic purposes, and he was supposed to attend its sex-offender
treatment program. However, according to Rains, M.A.H. was unsuccessfully discharged
from the program offered at the Pegasus School. His unsuccessful discharge from the
Pegasus School occurred prior to the expiration of his commitment period of not less than
three months but no more than six months. Because M.A.H. was unsuccessfully
discharged from the Pegasus School, the court could find by a preponderance of the
evidence that he violated its 2006 order modifying disposition with placement. 
Furthermore, the court could find by a preponderance of the evidence that M.A.H. failed
to successfully complete placement and was unsuccessfully discharged and, therefore, did
not attend the required counseling or treatment which the Juvenile Services Department
felt was necessary for his best interest in his rehabilitative effort; in this case, the required
sex-offender therapy which M.A.H. was supposed to attend at the Pegasus School. 
Accordingly, we hold that M.A.H. violated a probation condition and that he violated a
reasonable and lawful order of the court. Therefore, M.A.H. has failed to show the court
abused its broad discretion by revoking his probation and committing him to T.Y.C. Issue
two is overruled.

 In addition, pending before this Court is appellant's motion for personal bond. The
motion for personal bond is here by DENIED by this Court.

III. Conclusion

 The trial court's judgment is affirmed. 




 ROSE VELA

 Justice


Concurring Memorandum Opinion

by Justice Yañez.


Memorandum Opinion delivered and 

filed this 28th day of August, 2008.










 
1. See Tex. Penal Code Ann. § 21.11(a)(2) (Vernon 2003).
2. In In re J.M., we stated that "[a] juvenile court may modify its prior disposition and order that [a]
juvenile be committed to the Texas Youth Commission if the court finds by a preponderance of the evidence
that the child violated a reasonable and lawful order of the court." In re J.M., 133 S.W.3d 721, 724 (Tex.
App.-Corpus Christi 2003, no pet.) (internal quotations omitted).
3. Emphasis in original.
4. See Tex. Fam. Code Ann. § 54.05 (Vernon Supp. 2008).