

**NUMBER 13-07-426-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**IN THE MATTER OF M.A.H., A JUVENILE**

---

**On appeal from County Court at Law No. 1
of Calhoun County, Texas,
Sitting as a Juvenile Court**.

---

**MEMORANDUM OPINION**

**Before Justices Yañez, Rodriguez, and Vela
Memorandum Opinion by Justice Vela**

M.A.H., a juvenile, pleaded true to the offense of indecency with a child by exposure[1] and was placed on probation for one year. During his probation, the State filed a motion to modify disposition, and the court extended his probation for an additional six months and committed him to the Pegasus School, which discharged him without a

---

[1]*See* TEX. PENAL CODE ANN. § 21.11(a)(2) (Vernon 2003).

successful completion of the treatment program. During his extended probationary period, the State filed a second motion to modify disposition, and after a hearing, the court revoked his probation and committed him to the Texas Youth Commission (T.Y.C.). By two issues, M.A.H. argues the trial court erred in revoking his probation because the revocation resulted from the violation of a condition too vague for enforcement, and the evidence was legally insufficient to support revocation. We affirm.

## I. Vagueness of Probation Condition

In issue one, M.A.H. contends the trial court erred in revoking his probation because the revocation resulted from the violation of a condition too vague for enforcement. In *Rickels*, the court of criminal appeals restated its holding that "a defendant must complain at trial to the [community supervision] conditions he finds objectionable." *Rickels v. State*, 108 S.W.3d 900, 902 (Tex. Crim. App. 2003) (internal quotations omitted). By failing to object to the terms and conditions of probation at trial, a defendant affirmatively waives any complaints he or she may have had. *Id.*; *Speth v. State,* 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). Here, the record does not reflect M.A.H. objected to the complained-of probation condition at any time other than on appeal. Accordingly, we hold M.A.H. failed to preserve this complaint for review. *See Speth,* 6 S.W.3d at 535 (holding defendant could not complain of community-supervision conditions for first time on appeal). Issue one is overruled.

## II. Sufficiency of the Evidence

In issue two, M.A.H. contends the evidence is legally insufficient to show he violated a probation condition.

*A. Standard of Review*

Juvenile courts are vested with broad discretion in determining whether to modify the disposition of children found to have engaged in delinquent conduct. *In re C.S.*, 198 S.W.3d 855, 857 (Tex. App.–Dallas 2006, no pet.); *In re P.L.*, 106 S.W.3d 334, 337 (Tex. App.–Dallas 2003, no pet.). The trial court abuses its discretion if it acts unreasonably or arbitrarily. *In re P.L.*, 106 S.W.3d at 337. In reviewing an order modifying disposition, we examine the entire record to determine whether the trial court acted unreasonably or arbitrarily or without reference to any guiding rules or principle. *In re C.S.*, 198 S.W.3d at 857; *In re P.L.*, 106 S.W.3d at 337.

Under section 54.05(f) of the Texas Family Code, the trial court may modify a disposition to commit a child to T.Y.C. if, after a hearing, it finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court. TEX. FAM. CODE ANN. § 54.05(f) (Vernon Supp. 2008); *In re J.M.*, 133 S.W.3d 721, 724 (Tex. App.–Corpus Christi 2003, no pet.).[2] In a probation-revocation case, the State meets the preponderance-of-the-evidence standard when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his or her probation as alleged. *See Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983); *Johnson v. State*, 943 S.W.2d 83, 85 (Tex. App.–Houston [1st Dist.] 1997, no pet.). Furthermore, the trial court is the sole trier of fact at a probation-revocation hearing and determines the credibility of the witnesses and the weight to be given to their testimony. *See Johnson*, 943 S.W.2d at 85. The evidence is examined in the light most favorable to the trial court's

---

[2]In *In re J.M.*, we stated that "[a] juvenile court may modify its prior disposition and order that [a] juvenile be committed to the Texas Youth Commission if the court finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court." *In re J.M.*, 133 S.W.3d 721, 724 (Tex. App.–Corpus Christi 2003, no pet.) (internal quotations omitted).

order.  *See Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Johnson*, 943 S.W.2d at 85.

*B. The State's First Motion to Modify Disposition*

The applicable probation conditions stated: "You [M.A.H.] are required to attend any counseling or treatment in which the Juvenile Services Department feels is necessary for your best interest in your rehabilitative effort;" and "The Juvenile-Respondent [M.A.H.] shall be committed to the Texas Youth Commission if Pegasus is unable to accept him."  On November 8, 2006, pursuant to the State's first motion to modify disposition, the trial court signed an "ORDER MODIFYING DISPOSITION WITH PLACEMENT" that stated, in relevant part:

> The Court finds, by a preponderance of the evidence, that the Juvenile Respondent, [M.A.H.], has violated a reasonable and lawful order of this Court, to-wit:
>
> H.  REHABILITATION AND TREATMENT:
> 2.  You are required to attend any counseling or treatment in which the Juvenile Services Department feels is necessary for your best interest in your rehabilitative efforts.
>
> On or about September 26, 2006, [M.A.H.] failed to abide by treatment program regulations. [M.A.H.] has received ninety-five (95) incident reports since admission to include escape risk, danger to self, danger to others, neglect in therapy, disruption of program and threat staff/peers etc.

The order reflects that the court extended M.A.H.'s probationary period for an additional six months.  The order further stated: "THE COURT FINDS that the best interest of the Juvenile-Respondent and the community will be served by placing the Juvenile-Respondent outside the child's home and committing the Juvenile-Respondent to the care, custody and control of Pegasus . . . ."  In addition, this order stated that M.A.H. "is hereby committed to Pegasus . . . for a period of not less than three (3) months, but no more than

4

six (6) months, or until said child is successfully discharged by the facility."

*C. Hearing on State's Second Motion to Modify Disposition*

On February 7, 2007, the State filed its second motion to modify disposition, alleging, in relevant part, that on November 8, 2006, the court "held a modification of disposition hearing," at the conclusion of which the court placed M.A.H. "on probation for an additional period of six (6) months under the conditions set forth by this Court in the *Order Modifying Disposition*."[3]  The motion further alleged that M.A.H. violated the terms and conditions of his probation as follows:  "You are required to attend any counseling or treatment in which the Juvenile Services Department feels is necessary for your best interest in your rehabilitative efforts.  On or about January 25, 2007, [M.A.H.], failed to successfully complete placement and was unsuccessfully discharged."

On June 15, 2007, the trial court held a hearing on the State's second motion to modify disposition.[4]  The sole witness at the hearing was Cindy Rains, the Chief Juvenile Probation Officer for Calhoun County.  She testified that two of M.A.H.'s probation conditions were that he attend Pegasus School until successfully discharged by the facility and that he obey the rules and regulations of that school and perform according to his ability.  She further testified that his assignment to Pegasus by her department was "[t]herapeutic in purpose" and that he "was attending Pegasus for their sex offender treatment program."  When the prosecutor asked her, "[W]as [M.A.H.] successfully discharged by Pegasus School?", she replied, "No, sir.  He was not."

_____

[3]Emphasis in original.

[4]*See* TEX. FAM. CODE ANN. § 54.05 (Vernon Supp. 2008).

5

On redirect-examination, the State asked Ms. Rains:

> Q. Ms. Rains, they [Pegasus] contacted you to pick up [M.A.H.]; is that correct?
>
> A. Yes, sir, they did.
>
> Q. And at that time you were informed that it was an unsuccessful discharge?
>
> A. Yes.

Her testimony showed that law enforcement picked M.A.H. up from the Pegasus School on January 25, 2007.

M.A.H. did not testify, and the defense called no witnesses to testify on his behalf.

After hearing Rains's testimony, the trial court referred to its previous order modifying disposition with placement and stated in open court: "[I]n this order he [M.A.H.] was ordered to be committed to Pegasus until successfully discharged" and "[t]he Court will find that there's no reasonable alternative. I placed him in Pegasus, and we are out of alternatives. I'll place him in T.Y.C."

After the hearing, the trial court signed an "ORDER MODIFYING DISPOSITION WITH COMMITMENT TO THE TEXAS YOUTH COMMISSION," in which it stated, in relevant part:

> The Court finds, by preponderance of the evidence, that the Juvenile-Respondent, [M.A.H.], has violated a reasonable and lawful order of this Court, to-wit:
>
> H. REHABILITATION AND TREATMENT:
> 2. You are required to attend any counseling or treatment in which the Juvenile Services Department feels is necessary for your best interest in your rehabilitative efforts.
>
> On or about January 25, 2007, [M.A.H.], failed to successfully complete placement and was unsuccessfully discharged.

6

The order committed M.A.H. to the care, custody, and control of T.Y.C.

*D. Analysis*

As a condition of probation, M.A.H. was required to attend any counseling or treatment in which the Juvenile Services Department felt was necessary for his best interest in his rehabilitative efforts. The 2006 order modifying disposition with placement extended his probation for an additional six months and committed him to Pegasus "for a period of not less than three (3) months, but no more than six (6) months, or until said child is successfully discharged by the facility." Rains testified that M.A.H. was placed in the Pegasus School for therapeutic purposes, and he was supposed to attend its sex-offender treatment program. However, according to Rains, M.A.H. was unsuccessfully discharged from the program offered at the Pegasus School. His unsuccessful discharge from the Pegasus School occurred prior to the expiration of his commitment period of not less than three months but no more than six months. Because M.A.H. was unsuccessfully discharged from the Pegasus School, the court could find by a preponderance of the evidence that he violated its 2006 order modifying disposition with placement. Furthermore, the court could find by a preponderance of the evidence that M.A.H. failed to successfully complete placement and was unsuccessfully discharged and, therefore, did not attend the required counseling or treatment which the Juvenile Services Department felt was necessary for his best interest in his rehabilitative effort; in this case, the required sex-offender therapy which M.A.H. was supposed to attend at the Pegasus School. Accordingly, we hold that M.A.H. violated a probation condition and that he violated a reasonable and lawful order of the court. Therefore, M.A.H. has failed to show the court abused its broad discretion by revoking his probation and committing him to T.Y.C. Issue

7

two is overruled.

In addition, pending before this Court is appellant's motion for personal bond. The motion for personal bond is here by DENIED by this Court.

### III. Conclusion

The trial court's judgment is affirmed.


ROSE VELA
Justice


Concurring Memorandum Opinion
by Justice Yañez.

Memorandum Opinion delivered and
filed this 28th day of August, 2008.