**In the Matter of A.R.D.**

No. 05–02–00292–CV.

Court of Appeals of Texas, Dallas.

March 19, 2003.

Dean M. Swanda, Attorney At Law, Arlington, for Appellant.

William T. (Bill) Hill, Jr. and Charles Patrick Reynolds, Asst. District Atty., Dallas, for State.

Before Justices WHITTINGTON, O'NEILL, and MALONEY.[1]

## OPINION

Opinion by Justice FRANCES MALONEY (Assigned).

The trial court modified A.R.D.'s disposition and committed him to the Texas Youth Commission (TYC). A.R.D. appeals alleging that none of the grounds stated in the order modifying disposition support his commitment to TYC. We reverse and remand this cause for further consideration.

## BACKGROUND

The trial court adjudicated A.R.D. for engaging in delinquent conduct by committing two counts of robbery and placed him on two years probation in a secure facility outside the home. He successfully completed the program at the secure facility and returned to his home for the remainder of his probation. A.R.D. continued to have problems, and the State eventually moved to modify his disposition for violating his terms of probation. The motion alleged A.R.D. did not report to his probation officer, obey curfew, and attend class. A.R.D. pleaded true to the allegations at the hearing on the motion to modify. The court accepted his plea, found the allegations true, and ordered A.R.D. committed to TYC. A.R.D. moved for new trial arguing the grounds stated in the order did not support his commitment to TYC. The mo-

tion for new trial was overruled by operation of law and this appeal followed.

## MODIFICATION ORDER

### 1. Applicable Law

█ The Legislature has vested Juvenile Courts with great discretion in determining the suitable disposition of children found to have engaged in delinquent conduct. This is especially so regarding hearings to modify disposition. *In re J.M.*, 25 S.W.3d 364, 367 (Tex.App.-Fort Worth 2000, no pet.). The trial court abuses its discretion if it acts in an unreasonable or arbitrary manner. *J.R.W. v. State*, 879 S.W.2d 254, 257 (Tex.App.-Dallas 1994, no writ). We review the entire record to determine if the trial court acted without reference to any guiding rules or principles. *Id.*

The trial court "shall specifically state in the order its reasons for modifying the disposition and shall furnish a copy of the order to the child." *Id.* at § 54.05(i). This requirement allows the appellate court to determine whether the evidence supports the reasons recited and whether those reasons are sufficient to justify the order of disposition. *See In re A.G.G.*, 860 S.W.2d 160, 162 (Tex.App.-Dallas 1993, no writ) (referring to similar language in section 54.04(f) requiring specific reasons be stated in original order of disposition); *In re A.N.M.*, 542 S.W.2d 916, 919 (Tex.Civ. App.-Dallas 1976, no writ) (same). This assures the child will have notice of the court's reasons for modifying the disposition and will be in a position to challenge those reasons on appeal. *In re J.R.*, 907 S.W.2d 107, 110 (Tex.App.-Austin 1995, no writ); *In re T.R.W.*, 533 S.W.2d 139, 141

---

1. The Honorable Frances J. Maloney, Justice, Court of Appeals, Fifth District of Texas at     Dallas, Retired, sitting by assignment.

(Tex.Civ.App.-Dallas 1976, no writ) *overruled in part on other grounds by K.K.H. v. State,* 612 S.W.2d 657, 658 (Tex.Civ. App.-Dallas 1981, no writ).

## 2. Application of Law to the Facts

■ The modification order recites that appellant was eligible for commitment to TYC as follows:

> pursuant to Section 54.04(q) of the Juvenile Justice Code for engaging in delinquent conduct that violates a penal law of this State of the grade of misdemeanor; and the Respondent Child has been adjudicated as having engaged in delinquent conduct for violating a penal law of the grade of felony or misdemeanor on at least two previous occasions, to wit: on April 16, 2000 the Respondent Child committed the Felony offense of Robbery and was adjudicated for said offense on May 23, 2000; and on April 16, 2000 the Respondent Child committed the Felony offense of Robbery and was adjudicated for said offense on May 23, 2000.

Although the order is couched primarily in statutory language, we conclude it does explain the court's reasons for modifying the disposition. Thus, we consider whether the reasons stated support the court's action.

We find nothing in the record that shows the State ever filed misdemeanor charges against appellant. Nor does the record show the trial court ever adjudicated appellant for engaging in delinquent conduct that violated a misdemeanor statute. The two robbery adjudications referred to in the modification order were the same adjudications for which appellant was originally placed on probation.

Although the trial court's modification order states reasons for the modification, those reasons do not apply to this case. The modification order recites that appellant is eligible for commitment to TYC under family code section 54.04(q).[2] This section allows the court at the original disposition hearing to grant probation to a child who has been adjudicated and sentenced to TYC for a definite term of not more than 10 years. Appellant was not sentenced to TYC for a definite term in his original disposition because the State abandoned the aggravated robbery charges against him. *See* Tex. Fam.Code Ann. § 54.04(d)(3). Thus, section 54.04(q) never applied to appellant.

If the trial court was referring to one of the former versions of subsection 54.04(q),[3] neither of them applied to appellant. One former subsection, now section 54.04(s), dealing with enhancement of misdemeanor offenses could not have applied to appellant because he was never adjudicated for a misdemeanor offense. *See* Tex. Fam. Code Ann. § 54.04(s) (Vernon 2002). The other former subsection 54.04(q) merely required that the court include a finding of

---

2. Tex. Fam.Code Ann. § 54.04(q) (Vernon 2002). At the time the modification order was signed, there was only one version of section 54.04(q).

3. In 1999, by four separate bills, the legislature passed three different subsection *q* s to family code section 54.04. *See* Act of May 26, 1999, 76th Leg., R.S., ch. 1193, § 9, 1999 Tex. Gen Laws 4178, 4181; Act of May 29, 1999, 76th Leg., R.S., ch. 1415, § 19, 1999 Tex. Gen. Laws 4831, 4840; Act of May 30, 1999, 76th Leg., R.S., ch. 1448, § 1, 1999 Tex. Gen. Laws 4919, 4920; and Act of May 27, 1999, 76th Leg., R.S., ch. 1477, § 10, 1999 Tex. Gen. Laws 5067, 5070. In 2001, the legislature clarified and redesignated two of the subsections as new subsections *r* and *s*. *See* Act of May 24, 2001, 77th Leg., R.S., ch. 1297, § 23, 2001 Tex. Sess. Law Serv. 2978, 2988 (Vernon). Act of May 24, 2001, 77th Leg., R.S., ch. 1297, § 23, 2001 Tex. Sess. Law Serv. 2978, 2988 (Vernon).

a victim younger than 17 years in the adjudication order. *See id.* § 54.04(r). Consequently, neither the former nor the present subsections 54.04(q) recited in the trial court's modification order applied in appellant's case.

■ Originally, the trial court adjudicated appellant for the felony offense of robbery and placed him on probation. The State sought to modify this disposition because appellant violated the terms of his probation, which the State alleged were lawful orders of the court. Appellant pleaded true to the motion's allegations. The State did not seek a new adjudication or to modify the original disposition because appellant had committed a new misdemeanor offense. Thus, the record does not support the trial court's finding that appellant engaged in delinquent conduct involving a misdemeanor offense.

Because the law and record do not support the trial court's reasons stated in the modification order, the trial court did not act according to guiding rules and principles. *See J.R.W.*, 879 S.W.2d at 257. Because the trial court did not act according to guiding rules and principles, the trial court abused its discretion.

Additionally, the statutory requirement to specifically state the reasons for the modification is to afford appellate review and provide the juvenile with notice of the reasons for the court's action. If we were to look beyond the reasons stated in the order to find support for the modification, we would render the statute meaningless and deprive the juvenile of the legislature's directive—notice. Accordingly, we grant appellant's sole issue, reverse the trial court's order and remand for proceedings consistent with this opinion.