### In the Matter of C.S., a Child.

### No. 05–05–01597–CV.

Court of Appeals of Texas, Dallas.

Aug. 4, 2006.

April E. Smith, Mesquite, Victoria E. Abbott, Asst. Public Defender, Dallas, for Appellant.

William T. (Bill) Hill, Jr., Crim. Dist. Atty., Lori L. Ordiway, Asst. Dist. Atty. for Dallas County Chief of the Appellate Division, Dallas, for Appellee.

Before Justices MORRIS, O'NEILL, and MAZZANT.

## OPINION

Opinion by Justice MORRIS.

In this appeal, C.S. challenges the trial court's order modifying disposition and committing him to the Texas Youth Commission. In four issues, appellant contends his due process rights under the Texas and U.S. Constitutions were violated and the trial court abused its discretion committing him to the TYC. He also requests modification of the order to correct several errors. We affirm the trial court's order as modified.

In 2004, appellant was adjudicated a child engaged in delinquent conduct in Dallas County and placed on probation for one year in his parents' custody. Just over three months after appellant's probation began, he was detained for two new offenses in Collin County. At that time,

Dallas County stopped supervising appellant, and he was placed on "warrant status." Despite several attempts, the warrant was never executed. In 2005, the State filed a motion to modify disposition of the Dallas offenses alleging appellant had violated the terms of his probation by failing to attend school. Appellant pleaded true to the allegation and after a hearing, the trial court committed appellant to the TYC.

In his first two issues, appellant asserts his due process rights under the state and federal constitutions were violated because the trial court stated that if appellant were a Dallas County resident, it might consider a placement other than the TYC. Generally, to preserve a complaint for appeal, appellant must first present his specific contentions to the trial court. *See* Tex.R.App. P. 33.1. Our review of the record reveals that appellant never presented his due process complaints to the trial court during or after the hearing. Almost all trial error, even constitutional error, is waived if appellant fails to object to the error at trial. *See Aldrich v. State,* 104 S.W.3d 890, 894 (Tex.Crim.App.2003). There are two exceptions to the general rule involving violations of rights that are either "waivable only" or "absolute systemic requirements." *Id.* Appellant has not argued his due process complaints fall into one of these narrow categories, and we do not believe that they do. He has therefore waived these complaints.

In his third issue, appellant complains the trial court abused its discretion in committing him to the TYC. Specifically, appellant contends that the trial court's findings were not supported by the evidence. Juvenile courts are afforded broad discretion in determining whether to modify the disposition of children found to have engaged in delinquent conduct. *In re P.L.,* 106 S.W.3d 334, 337 (Tex.App.-Dallas

2003, no pet.). In reviewing an order modifying disposition, we examine the entire record to ascertain whether the trial court acted unreasonably or arbitrarily or without reference to any guiding rules or principle. *Id.*

In support of his contention, appellant relies on evidence that Dallas terminated his supervision in December 2004 but did not execute a warrant even though it was aware of his location. Appellant argues that because the warrant was not executed he "was not held accountable in a timely manner for his violation of the condition of probation that he attend school every day."

Under Section 54.05(f) of the Texas Family Code, the trial court may modify a disposition to commit a child to the TYC if, after a hearing, it finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court. Tex. Fam.Code Ann. § 54.05(f) (Vernon 2002). Appellant pleaded true to the allegation that he failed to attend school as required under the terms and conditions of his probation. Thus, the trial court was authorized to commit him to the TYC. *See In re K.B.,* 106 S.W.3d 913, 915 (Tex.App.-Dallas 2003, no pet.). The evidence also supports the trial court's finding that the TYC was a suitable disposition for appellant. While on probation for the Dallas offenses, appellant was detained for two more offenses in Collin County. He was adjudicated a child engaged in delinquent conduct and received probation for the Collin County offenses. Although there was evidence that appellant's behavior had improved considerably and he was now attending school as required, we cannot conclude the trial court abused its discretion in committing him the TYC. Appellant cites no authority, and we have found none, to support his contention that failure to execute the warrant in a timely manner

precluded his commitment to the TYC. We resolve appellant's third issue against him.

In his fourth issue, appellant asserts, and the State agrees, that the trial court's order contains several errors. We have authority to modify incorrect judgments when the necessary information is available to do so. *See* TEX.R.APP. P. 43.2(b); *Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex. Crim.App.1993); *Asberry v. State,* 813 S.W.2d 526, 529 (Tex.App.-Dallas 1991, pet. ref'd). We therefore make the following modifications to the trial court's order:

(1) We modify the order to reflect that the Court, rather than counsel, informed the child and the parent(s) or guardian of the right to appeal as required by Section 56.01(e) of the Juvenile Justice Code.

(2) We modify the order to reflect that the Court instructed the child, and the parent(s) or guardian of the right to appeal as required by Section 56.01(e) rather than Section 54.04(h).

(3) We modify the order to reflect that the court considered the reports referred to in Section 54.05(e) rather than Section 54.05(f).

(4) We modify the order to reflect appellant's commitment to the Texas Youth Commission pursuant to Section 54.05(f) rather than Section 54.05(s).

(5) We modify the order to delete the second occurrence of the following two sentences: (a) "The Court further finds that a material and substantial change in the circumstances necessitates a modification of the disposition and such is in the best interest of the Respondent Child;" and (b) "The Court further finds that all reasonable efforts have been made to prevent or eliminate the need for the child's removal from the home and make it possible for the child to return to the home."

As modified, we affirm the trial court's order modifying disposition.