**In the Matter of J.O., a Juvenile.**

No. 05–07–00126–CV.

Court of Appeals of Texas, Dallas.

March 5, 2008.

---

April E. Smith, Mesquite, for Appellant.

Craig Watkins, Dallas County Dist. Atty., Dallas, for Appellee.

Before Chief Justice THOMAS and Justices BRIDGES and FITZGERALD.

## OPINION

Opinion by Chief Justice THOMAS.

In two issues, appellant challenges the trial court's order modifying disposition and committing him to the Texas Youth Commission (TYC), contending the trial court abused its discretion in revoking his probation and committing him to TYC and that the judgment contains clerical errors. As modified, we affirm the trial court's order.

Appellant, who was fourteen years old at the time, was accused of committing burglary of a building on October 25, 2003. Appellant pleaded true to the allegation and on December 15, 2003, the trial court placed appellant on probation for one year in his mother's custody. The conditions of appellant's probation included participating in the Phoenix Project, a substance

abuse program, and the Positive Development Program; attending school daily; reporting to his probation officer; obeying curfew; and not associating with negative peers.

Although appellant successfully completed the Phoenix Project, he failed to report to his probation officer, violated his curfew, and continued associating with negative peers. Further, he was suspended from school and referred to the Concerned Citizens of Dallas (CDC) bootcamp. In June 2004, appellant was placed on an electronic monitor due to the curfew violations. In September 2004, appellant failed to attend school on three separate occasions and ran away from home.

On November 3, 2004, the State filed a motion to modify disposition. On May 4, 2005, appellant pleaded true to the allegations he failed to attend school. The trial court deferred disposition to allow appellant to participate in the Short Term Adolescent Residential Treatment (START) program. After appellant successfully completed START, the trial court extended appellant's probation for an additional twelve months under the custody of his grandmother and ordered, as an additional condition of probation, that appellant attend weekly Narcotics Anonymous/Alcoholics Anonymous meetings.

In November 2005, appellant ran away to California without informing his probation officer, his mother, or his grandmother. In California, appellant lived with his aunt, attended school, and maintained employment. In November 2006, appellant returned to Dallas, but failed to contact his probation officer. Immediately upon his return to Dallas, appellant began associating with his old friends and smoking marijuana. He was subsequently arrested on a second motion to modify disposition, that alleged appellant failed to report to his probation officer, violated the curfew restrictions of his probation, and failed to attend school daily. At trial, appellant pleaded true to the probation violations. However, he requested he be allowed to return to California, live with his aunt, and complete high school. The trial court committed appellant to TYC. On appeal, he argues his probation violations were relatively minor and that the trial court's findings that (1) all reasonable efforts were made to prevent or eliminate the need for appellant's removal from the home and (2) in his home, appellant could not be provided the quality of care and level of support and supervision that he needs to meet the conditions of probation, are unsupported by the record.

Juvenile courts are vested with broad discretion in determining whether to modify the disposition of children found to be engaged in delinquent conduct. *In re C.S.*, 198 S.W.3d 855, 857 (Tex.App.-Dallas 2006, no pet.); *In re P.L.*, 106 S.W.3d 334, 337 (Tex.App.-Dallas 2003, no pet.). The trial court abuses its discretion if it acts unreasonably or arbitrarily. *In re P.L.*, 106 S.W.3d at 337. We review the entire record to determine if the trial court acted without reference to any guiding rules or principles. *Id.*

Under section 54.05(f) of the Texas Family Code, the trial court may modify a disposition to commit a child to TYC if, after a hearing, it finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court. Tex. Fam.Code Ann. § 54.05(f) (Vernon Supp.2007). Appellant pleaded true to the allegations he failed to report to his probation officer, violated his curfew restrictions, and failed to attend school. Thus, the trial court was authorized to commit him to TYC. *In re C.S.*, 198 S.W.3d at 857; *In re K.B.*, 106 S.W.3d 913, 915 (Tex.App.-Dallas 2003, no pet.).

■ The evidence also supports the trial court's finding TYC was a suitable disposition for appellant. Appellant failed to comply with the original conditions of probation while in the custody of his mother. He was ultimately referred to the CDC bootcamp because of his behavior at school and placed on an electronic monitor due to his curfew violations. Appellant then ran away from home. After the State filed its first motion to modify disposition, appellant pleaded true to violating the conditions of his probation by failing to attend school. The trial court deferred disposition to allow appellant to participate in the START program. Appellant successfully completed the program, and the trial court extended his probation for twelve months under the custody of his grandmother.

Appellant subsequently ran away again, this time to California. Appellant's aunt and appellant testified he did well in California by attending school, being employed, and following appellant's aunt's rules. However, appellant did not notify his probation officer, his mother, or his grandmother that he was in California. When appellant returned to Dallas, he immediately began associating with his old friends and smoking marijuana. Although appellant claimed he returned to Dallas to address his legal situation, he did not contact his probation officer.

Contrary to appellant's contentions, the probation violations were not minor and occurred numerous times. Although appellant participated in the Phoenix Project, the Positive Development Program, CDC bootcamp, and the START program and was required to wear an electronic monitor, all programs designed to prevent his removal from the home, he continued to violate the terms of his probation. Further, the trial court extended appellant's probation for an additional twelve months in an effort to keep appellant in the home.

However, neither appellant's mother nor his grandmother was able to provide the level of support and supervision appellant needed to meet the conditions of his probation. While there was evidence appellant performed well under his aunt's supervision in California, the trial court was not required to give "third and fourth chances to a juvenile who has abused a second one." *In re J.P.*, 136 S.W.3d 629, 633 (Tex.2004). We cannot conclude the trial court abused its discretion in determining all reasonable efforts were made to prevent appellant's removal from the home or that appellant cannot be provided in the home the quality of care and level of support and supervision he needs to meet the conditions of his probation. Accordingly, we overrule appellant's first issue.

In his second issue, appellant requests, and the State agrees, that the trial court's order contains several errors. We have authority to modify incorrect judgments when the necessary information is available to do so. Tex.R.App. P. 43.2(b); *In re C.S.*, 198 S.W.3d at 858. Therefore, we make the following modifications to the trial court's order:

(1) We modify the order to reflect that the Court, rather than counsel, informed the child and the parent(s) or guardian of the right to appeal as required by Section 56.01(e) of the Juvenile Justice Code.

(2) We modify the order to reflect that the Court instructed the child, and the parent(s) or guardian of the right to appeal as required by Section 56.01(e) rather than Section 54.04(h) of the Juvenile Justice Code.

(3) We modify the order to delete the duplicate finding at the top of page two of the order that "The Court further finds that a material and substantial change in the circum-

stances necessitates a modification of the disposition and such is in the best interest of the Respondent Child."

(4) We modify the order to delete the duplicate finding in the third paragraph of the second page of the order that "The Court further finds that all reasonable efforts have been made to prevent or eliminate the need for the child's removal from the home and make it possible for the child to return home."

As modified, we affirm the trial court's order modifying disposition.