

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-08-243-CV**

IN THE MATTER OF D.W., A CHILD

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant D.W., a juvenile, appeals the trial court's judgment revoking his probation and committing him to the Texas Youth Commission ("TYC"). We affirm.

Appellant was adjudicated delinquent for indecency with a child, his sister, on June 19, 2006, and placed on two years' probation. On May 24, 2007, the juvenile court extended appellant's probation for six months and ordered that he attend and successfully complete the Specialized Treatment for

------------

[1] *See* Tex. R. App. P. 47.4.

Offenders Program ("STOP"), a long-term residential treatment program for juveniles who have committed sexual offenses. Appellant did not make satisfactory progress in the program, so he was discharged on April 14, 2008. On May 30, 2008, after a hearing on the State's motion to modify disposition, the juvenile court revoked appellant's probation and committed him to TYC.

In his first issue, appellant contends that the trial court abused its discretion by finding that he violated a term of his probation. In essence, he argues that he did not violate his probation for failing to complete STOP because the evidence allegedly shows that he was "working toward[ ] his goals," "just needed more time," was not "willfully failing to comply" with STOP, and was not allowed to take a required polygraph examination pursuant to section 54.0405(f) of the Texas Family Code.[2]

Juvenile courts are vested with broad discretion in determining whether to modify the disposition of children found to be engaged in delinquent conduct.[3] Absent an abuse of discretion, a reviewing court will not disturb the

---

[2] *See* Tex. Fam. Code Ann. § 54.0405(f) (Vernon 2008). Appellant also claims that he was denied due process by the "arbitrary decision" of the STOP administrators not to allow the last polygraph, but he has failed to adequately brief this issue. Therefore, we need not address it. *See* Tex. R. App. P. 38.1(i).

[3] *In re J.O.*, 247 S.W.3d 422, 424 (Tex. App.—Dallas 2008, no pet.); *In re J.D.P.*, 85 S.W.3d 420, 426 (Tex. App.—Fort Worth 2002, no pet.).

2

juvenile court's determination.[4]  An abuse of discretion occurs when a juvenile court acts unreasonably or arbitrarily without reference to any guiding rules and principles.[5]

Our review of the record shows that appellant's failure to complete the STOP program was largely due to his own behavioral issues.  STOP is organized in three levels, through which the juvenile must progress by meeting specific goals and curtailing negative behavior.  By the time a juvenile reaches the third level, he is expected to behave appropriately and is preparing for a successful discharge from the program and re-entry into society.  Appellant failed to reach the third level.  Jesus Reyes, the probation officer who oversees STOP, testified that appellant failed to make any reduction in the frequency of disruptive behaviors during the nine months that he was in the program.  Reyes testified that appellant was disruptive in the classroom, did not follow instructions, reacted to motivational criticism with sulking and moping, made inappropriate noises, was argumentative in gym class, and threatened to physically harm his peers.  Reyes further testified that, on average, a juvenile who successfully

---

[4] *In re K.J.N.*, 103 S.W.3d 465, 465–66 (Tex. App.— San Antonio 2003, no pet.); *In re J.D.P.*, 85 S.W.3d at 426.

[5] *In re K.J.N.*, 103 S.W.3d at 466; *In re T.K.E.* 5 S.W.3d 782, 784 (Tex. App.— San Antonio 1999, no pet.).

leaves the program receives twenty office referrals for disciplinary issues. Appellant received 140.

In addition, Carol Murley, clinical coordinator for STOP, testified that appellant minimized his crime, lacked victim empathy, and admitted having deviant fantasies about his sister. Murley summarized appellant's progress as moving "backwards."

With regard to appellant's complaint that he was prevented from completing a final polygraph exam, the evidence shows that appellant had been given a number of polygraphs and that the final exam he complains he did not receive had been scheduled for at least ten days before appellant was discharged from the program. Reyes testified that although the final polygraph had been scheduled, appellant did not take it because the decision had been made to discharge him from the program for his lack of progress.

Based on the evidence in the record, we hold that the juvenile court acted within its discretion in revoking appellant's probation. Appellant's first issue is overruled.

In his second issue, appellant argues that the trial court abused its discretion by committing him to TYC because the commitment was not in his best interest. He contends that other alternatives than TYC commitment existed, including placing him back in STOP.

4

To support the removal of a juvenile from the community on a motion to modify disposition, section 54.05(m) of the family code requires that the trial court find that (a) it is in the child's best interests to be placed outside the child's home; (b) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home; and (c) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation.[6]

At the disposition hearing, Reyes opined that appellant's mother's ability to properly supervise appellant was "questionable." He further testified that given appellant's lack of progress in treatment and his need for a more structured setting than what STOP could offer, it would not be in appellant's best interests to return him to the community. In addition, Murley testified that appellant could not be properly supervised without being locked up. Finally, although appellant argues that he needed to be placed back in STOP so that he could continue to receive sex offender treatment, sex offender treatment is also available at TYC.

---

[6] *See* Tex. Fam. Code Ann. § 54.05(m) (Vernon 2008).

We hold that the trial court acted within its discretion to commit appellant to TYC. Accordingly, we overrule appellant's second issue.

Having overruled both of appellant's issues on appeal, we affirm the judgment of the juvenile court.

PER CURIAM

PANEL: CAYCE, C.J.; LIVINGSTON and MEIER, JJ.

DELIVERED: June 25, 2009

6