COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-243-CV

 

 

IN THE MATTER OF D.W., A CHILD                                                        

 

                                              ------------

 

           FROM THE 323RD
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant D.W., a juvenile, appeals the trial
court=s
judgment revoking his probation and committing him to the Texas Youth
Commission (ATYC@).  We affirm.








Appellant was adjudicated delinquent for
indecency with a child, his sister, on June 19, 2006, and placed on two years=
probation.  On May 24, 2007, the juvenile
court extended appellant=s probation for six months and
ordered that he attend and successfully complete the Specialized Treatment for
Offenders Program (ASTOP@), a
long-term residential treatment program for juveniles who have committed sexual
offenses.  Appellant did not make
satisfactory progress in the program, so he was discharged on April 14,
2008.  On May 30, 2008, after a hearing
on the State=s motion to modify disposition,
the juvenile court revoked appellant=s
probation and committed him to TYC.

In his first issue, appellant contends that the
trial court abused its discretion by finding that he violated a term of his
probation.  In essence, he argues that he
did not violate his probation for failing to complete STOP because the evidence
allegedly shows that he was Aworking
toward[ ] his goals,@ Ajust
needed more time,@ was not Awillfully
failing to comply@ with STOP, and was not allowed
to take a required polygraph examination pursuant to section 54.0405(f) of the
Texas Family Code.[2]








Juvenile courts are vested with broad discretion
in determining whether to modify the disposition of children found to be
engaged in delinquent conduct.[3]  Absent an abuse of discretion, a reviewing
court will not disturb the juvenile court=s
determination.[4]  An abuse of discretion occurs when a juvenile
court acts unreasonably or arbitrarily without reference to any guiding rules
and principles.[5]








Our review of the record shows that appellant=s
failure to complete the STOP program was largely due to his own behavioral
issues.  STOP is organized in three
levels, through which the juvenile must progress by meeting specific goals and
curtailing negative behavior.  By the
time a juvenile reaches the third level, he is expected to behave appropriately
and is preparing for a successful discharge from the program and re-entry into
society.  Appellant failed to reach the
third level.  Jesus Reyes, the probation
officer who oversees STOP, testified that appellant failed to make any
reduction in the frequency of disruptive behaviors during the nine months that
he was in the program.  Reyes testified
that appellant was disruptive in the classroom, did not follow instructions,
reacted to motivational criticism with sulking and moping, made inappropriate
noises, was argumentative in gym class, and threatened to physically harm his
peers.  Reyes further testified that, on
average, a juvenile who successfully leaves the program receives twenty office
referrals for disciplinary issues. 
Appellant received 140.

In addition, Carol Murley, clinical coordinator
for STOP, testified that appellant minimized his crime, lacked victim empathy,
and admitted having deviant fantasies about his sister.  Murley summarized appellant=s
progress as moving Abackwards.@

With regard to appellant=s
complaint that he was prevented from completing a final polygraph exam, the
evidence shows that appellant had been given a number of polygraphs and that
the final exam he complains he did not receive had been scheduled for at least
ten days before appellant was discharged from the program.  Reyes testified that although the final
polygraph had been scheduled, appellant did not take it because the decision
had been made to discharge him from the program for his lack of progress.

Based on the evidence in the record, we hold that
the juvenile court acted within its discretion in revoking appellant=s
probation.  Appellant=s first
issue is overruled.

In his second issue, appellant argues that the
trial court abused its discretion by committing him to TYC because the
commitment was not in his best interest. 
He contends that other alternatives than TYC commitment existed,
including placing him back in STOP.








To support the removal of a juvenile from the
community on a motion to modify disposition, section 54.05(m) of the family
code requires that the trial court find that (a) it is in the child=s best
interests to be placed outside the child=s home;
(b) reasonable efforts were made to prevent or eliminate the need for the child=s
removal from the home and to make it possible for the child to return to the
child=s home;
and (c) the child, in the child=s home,
cannot be provided the quality of care and level of support and supervision
that the child needs to meet the conditions of probation.[6]

At the disposition hearing, Reyes opined that
appellant=s mother=s
ability to properly supervise appellant was Aquestionable.@  He further testified that given appellant=s lack
of progress in treatment and his need for a more structured setting than what
STOP could offer, it would not be in appellant=s best
interests to return him to the community. 
In addition, Murley testified that appellant could not be properly
supervised without being locked up. 
Finally, although appellant argues that he needed to be placed back in
STOP so that he could continue to receive sex offender treatment, sex offender
treatment is also available at TYC.








We hold that the trial court acted within its
discretion to commit appellant to TYC. 
Accordingly, we overrule appellant=s second
issue.

Having overruled both of appellant=s issues
on appeal, we affirm the judgment of the juvenile court.

 

PER CURIAM

PANEL:  CAYCE, C.J.; LIVINGSTON
and MEIER, JJ.

DELIVERED:  June 25, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Fam. Code Ann. ' 54.0405(f) (Vernon
2008).  Appellant also claims that he was
denied due process by the Aarbitrary decision@ of the STOP
administrators not to allow the last polygraph, but he has failed to adequately
brief this issue.  Therefore, we need not
address it.  See Tex. R. App. P.
38.1(i).





[3] In re J.O., 247
S.W.3d 422, 424 (Tex. App.CDallas 2008, no pet.); In re J.D.P., 85
S.W.3d 420, 426 (Tex. App.CFort Worth 2002, no pet.).





[4] In re K.J.N., 103
S.W.3d 465, 465B66 (Tex. App.CSan Antonio 2003, no
pet.); In re J.D.P., 85 S.W.3d at 426.





[5]In re K.J.N., 103 S.W.3d at 466; In
re T.K.E. 5 S.W.3d 782, 784 (Tex. App.CSan Antonio 1999, no pet.).





[6]See Tex. Fam. Code Ann. ' 54.05(m) (Vernon 2008).