*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-09-00533-CR

Larry **LEE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-7289
Honorable Mary D. Román, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Sandee Bryan Marion, Justice
            Phylis J. Speedlin, Justice
            Marialyn Barnard, Justice

Delivered and Filed: July 7, 2010

AFFIRMED

Larry Lee appeals the trial court's judgment revoking his community supervision, asserting the trial court violated his due process rights by refusing the State's request for a continuance and instructing the State to elicit testimony from a witness without personal knowledge. Lee contends the trial court's actions deprived him of both his right to confront a witness against him and to present mitigation evidence by questioning the probation officer who supervised him. We affirm the trial court's judgment.

**BACKGROUND**

Lee pled guilty to possession of a controlled substance and was sentenced to one year in a state jail facility. The sentence was suspended, and Lee was placed on two years community supervision. The State subsequently filed a motion to revoke Lee's community supervision, asserting Lee failed to report for the months of June, July, and August of 2007.

At the hearing on the motion to revoke, Lee contested the motion. In response to the trial court's inquiry as to whether the State was ready to proceed, the State responded that the supervising probation officer was not available. The trial judge stated, "I believe you can go forward with another probation officer." The State then called the court liaison. No objection was made to proceeding with the hearing or to the calling of the court liaison, and defense counsel did not request a continuance.

The court liaison officer, Vicki Patridge, testified she was responsible for appearing in court on behalf of the probation department regarding anyone on probation out of the trial court that was conducting the revocation hearing. Patridge stated she was in possession of the records regarding Lee that were maintained by the probation office. Patridge initially testified Lee had failed to report after April 2007, but subsequently corrected herself because the records showed Lee had reported in May 2007. In an effort to clarify the months that Lee reported, the following exchange occurred:

> [PATRIDGE]: Like I said, after May —
> MS. BRITO [defense counsel]: Actually April he showed up as well.
> [PATRIDGE]: Yeah but after May he never reported after that.
> MS. BRITO: I know, but you are saying he didn't report after March. Okay. It doesn't matter. He reported in April and May, Judge.
> THE COURT: So do we all agree he didn't report after May of 2007; is that correct?
> MR. BRITO: Yes. That's correct.

At the conclusion of the hearing, the trial court revoked Lee's community supervision and sentenced him to one year confinement.

## DISCUSSION

As a general prerequisite to presenting a complaint for appellate review, the record must show an objection was made to the trial court, and the trial court ruled on the objection. TEX. R. APP. P. 33.1(a). Acknowledging that no objection was made relating to the trial court proceeding with the hearing or to Patridge's testimony, Lee contends on appeal that the trial court's conduct resulted in "structural error" because the trial court instructed the State to proceed in a manner that deprived him of his right of confrontation and foreclosed his ability to present mitigation evidence. Based on his contention that the conduct was structural error, Lee asserts he was not required to object to preserve his complaints for appeal.

Structural errors are federal constitutional errors labeled as such by the United States Supreme Court. *Johnson v. State*, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005). "In *Johnson v. United States*, the Supreme Court set forth its most recent list of structural errors: the total deprivation of counsel at trial, lack of an impartial trial judge, the unlawful exclusion of members of the defendant's race from a grand jury, the denial of the right to self-representation at trial, the denial of the right to a public trial, and an instruction that erroneously lowers the burden of proof for conviction below the 'beyond a reasonable doubt' standard." *Johnson*, 169 S.W.3d at 235 (quoting *Johnson v. United States*, 520 U.S. 461, 468-69 (1997)). Lee's complaints in this appeal are not among the listed structural errors, and Lee has failed to cite any case in his brief in which structural error was found based on the State's failure to call a particular witness or its decision to call a witness in response to a statement by the trial court.

Furthermore, we note that the term "structural error" identifies a concept relating to harm analysis, not preservation of error. *Mendez v. State*, 138 S.W.3d 334, 339 (Tex. Crim. App. 2004); *Hergert v. State*, 197 S.W.3d 394, 396 (Tex. App.—Beaumont 2006, no pet.). It appears Lee may have intended to refer to the trial court's conduct as violating a "systemic requirement." *See Mendez*, 138 S.W.3d at 339 (stating concept of "systemic requirement" has to do with preservation of error while "structural error" relates to harm analysis). "A 'systemic requirement' (also known as an 'absolute requirement or prohibition') is a law that a trial court has a duty to follow even if the parties wish otherwise." *Id.* "Any party that is entitled to appeal may complain on appeal that such a requirement was violated, even if the party failed to complain about the failure or waived the application of the law." *Id.* "[S]ystemic requirements include jurisdiction of the person, jurisdiction of the subject matter, and a penal statute's being in compliance with the Separation of Powers Section of the state constitution." *Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003). Even if Lee had briefed his complaints in relation to a "systemic requirement," the complaints Lee raises on appeal have been held to require preservation by proper objection. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (preservation required in relation to confrontation clause complaint); *In re C.S.*, 198 S.W.3d 855, 857 (Tex. App.—Dallas 2006, no pet.) (due process complaint requires preservation); *Curry v. State*, 186 S.W.3d 39, 42 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (same).

Because Lee failed to preserve his complaints for our review, they are overruled.

**CONCLUSION**

The trial court's judgment is affirmed.

Marialyn Barnard, Justice

DO NOT PUBLISH