COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-11-00114-CV |
| | § | Appeal from the |
| IN THE MATTER OF G.W. | § | County Court at Law Number One |
| | § | of Denton County, Texas |
| | § | (TC# JV-2009-00918) |
| | § | |

**O P I N I O N**

Appellant, G.W., appeals the trial court's order of adjudication and commitment to the Texas Youth Commission (TYC).[1]  We affirm.

**BACKGROUND**

The juvenile court adjudicated Appellant delinquent for causing injury to a child younger than fourteen years of age, a felony of the first degree.  *See* TEX. PENAL CODE ANN. § 22.04 (West 2011).  After a disposition hearing, the trial court thereafter placed Appellant on intensive-supervision probation and in the custody of his mother who resided in Illinois. Appellant was permitted to be supervised by a juvenile probation officer in Illinois after the filing of an interstate compact.   The terms and conditions of Appellant's probation required that he not associate in any way with the victim, complete a sex-offender treatment program, and obtain the juvenile court's permission prior to moving or spending the night outside of his mother's home.

After Appellant and his mother moved to Arkansas without requesting the court's permission, the court amended the terms of Appellant's probation and again required that Appellant reside with his mother in Arkansas and obtain the court's permission prior to moving or

---

[1] As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court.  TEX. R. APP. P. 41.3.

spending the night outside of his mother's home. Thereafter, an Arkansas probation officer notified the Denton Country Juvenile Probation Office that Appellant and his mother had returned to Illinois without the court's permission. Citing Appellant's failure to obtain the court's permission before moving and failure to complete sex-offender treatment program, and contact with the victim's family as required by the terms and conditions of Appellant's probation, the State filed a motion to modify the disposition of the case. After being located in Minnesota, Appellant filed a stipulation of evidence wherein he admitted that he had violated the terms and conditions of his probation by being absent from his mother's home without the court's consent, by failing to comply with sex-offender treatment requirements, and by attempting via social media to contact the mother of the victim in the underlying case. After conducting a modification hearing, the trial court committed Appellant to TYC. Appellant now asserts that the trial court abused its discretion in committing him to TYC.

## DISCUSSION

### Standard of Review

A trial court's modification of disposition is governed by Section 54.05 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 54.05 (West 2008). When a juvenile's prior disposition is based on a finding that the juvenile engaged in a felony offense, as here, the trial court may modify the disposition and commit the juvenile to TYC if the court finds by a preponderance of the evidence that the juvenile violated a reasonable and lawful order of the court. *See* TEX. FAM. CODE ANN. § 54.05(f) (West 2008). A juvenile court that commits a child to TYC is required to recite in its order a determination that: (1) it is in the child's best interest to be placed outside the child's home; (2) reasonable efforts were made to prevent or eliminate the need

2

for the child's removal from the child's home and to make it possible for the child to return home; and (3) the child, in the child's home, cannot be provided the quality of care and the level of support and supervision that the child needs to meet the conditions of probation. *See* TEX. FAM. CODE ANN. § 54.05(m) (West 2008).

Juvenile courts are vested with a great amount of discretion in determining the suitable disposition of children who have been found to have engaged in delinquent conduct, especially in hearings to modify disposition. *In re D.R.A.,* 47 S.W.3d 813, 815 (Tex.App. – Fort Worth 2001, no pet.). Consequently, we review an order committing a juvenile to the TYC under an abuse-of-discretion standard. *In re J.P.,* 136 S.W.3d 629, 632 (Tex. 2004). A trial court abuses its discretion when it acts arbitrarily or unreasonably or without reference to guiding rules or principles. *In re D.R.,* 193 S.W.3d 924, 924 (Tex.App. – Dallas 2006, no pet.).

No abuse of discretion occurs where a trial court bases its decisions on conflicting evidence. *In re B.N.F.*, 120 S.W.3d 873, 877 (Tex.App. – Fort Worth 2003, no pet.). Nor does an abuse of discretion occur as long as some evidence of substantive and probative character exists to support the trial court's decision. *Id.*

In reviewing the legal sufficiency of disposition orders, we consider "only the evidence and inferences tending to support the findings under attack and set aside the judgment only if there is no evidence of probative force to support the findings." *In re M.D.H.*, 139 S.W.3d 315, 317 (Tex.App. – Fort Worth 2004, pet. denied). In considering the factual sufficiency of a trial court's disposition order, we consider and weigh all of the evidence and set aside the judgment only if the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Id.*

3

*Analysis*

Appellant contends the trial court abused its discretion because the evidence was insufficient to support a determination that commitment to TYC was in his best interest. Appellant specifically asserts that there was no evidence that he could receive appropriate sex-offender counseling at TYC and that the evidence presented during the modification hearing indicated that members of Appellant's family would be unable to participate in such programs because they did not reside in Texas.

At the modification-of-disposition hearing, the trial court heard testimony from Appellant, his mother, and his probation officer  Appellant's probation officer testified regarding Appellant's unauthorized change of residence, the lack of sex-offender treatment programs in the area to which Appellant had moved, Appellant's failure to attend school and related violations, and Appellant's contact with his victim's mother.  The probation officer also testified that Appellant had not participated in sex-offender counseling as required by the terms of his probation.

During the hearing to modify disposition, Appellant's mother admitted that she had moved Appellant without prior permission of the trial court, stated that she had moved Appellant due to threats made by relatives of Appellant's father and explained that, as Appellant was only fourteen years old, Appellant was required to move with her as she was the person responsible for deciding to move.  Appellant's mother explained that she had moved to Minnesota due to the availability of family support, and that she had found and scheduled appropriate counseling there for Appellant.  She also informed the trial court that she was not willing to move to Denton, Texas for Appellant.

Appellant, who was fourteen years old at the time of the hearing, testified that he was first

contacted by his victim's mother who informed him that she did not want Appellant to contact his father and explained that his violation of the "no contact" provision of his probation terms and conditions had arisen from his response to the victim's mother. Appellant also testified regarding other alleged violations of his terms and conditions, and stated that, if permitted to remain on probation, he was willing to cooperate with counseling and be proactive in advising his probation officer of impending moves.

After considering Appellant's social history and a psychological report indicating that Appellant was amenable to counseling, and noting both that it preferred that Appellant had been sent to a placement facility in Denton or a nearby county and that sending Appellant to TYC was the last thing it wished to do, the trial court found that committing Appellant to TYC was in Appellant's best interest, that all reasonable efforts had been made to prevent or eliminate the need for Appellant's removal from his home and to make it possible for Appellant to return home, and that he lacked adequate supervision and support at home.

The evidence is both legally and factually sufficient to support the trial court's findings that Appellant violated a reasonable and lawful court order and to support modification of the trial court's disposition. Because the trial court did not abuse its discretion in committing Appellant to TYC, Appellant's issue on appeal is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

GUADALUPE RIVERA, Justice

February 6, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

5