**MODIFY and AFFIRM; and Opinion Filed December 5, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01022-CV

### IN THE MATTER OF A.S., A Child

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JD-76883-X**

# MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Fillmore
Opinion by Justice Fillmore

A.S., a juvenile, appeals the trial court's order modifying disposition and committing him to the Texas Juvenile Justice Department (TJJD).[1] In his first two issues, A.J. asserts the trial court abused its discretion by committing him to the TJJD, rather than to a less restrictive placement, and failed to comply with the family code by not specifying in the order the reasons for the modification. In his third issue, A.S. requests we modify the trial court's order to correct clerical errors and to remove duplicative entries. As modified, we affirm the trial court's judgment. We issue this memorandum opinion because the law to be applied in this case is well settled. *See* TEX. R. APP. P. 47.4.

---

[1] Effective December 1, 2011, the Texas Youth Commission was renamed the Texas Juvenile Justice Department. *See* TEX. HUM RES. CODE ANN. § 201.001(a)(4), (b)(2) (West 2013). Accordingly, throughout this opinion, the former Texas Youth Commission will be referred to as the Texas Juvenile Justice Department or the TJJD.

## Background

On May 2, 2012, the trial court found that A.S. was a child engaged in delinquent conduct by committing the offense of robbery, a violation of section 29.02 of the penal code. The trial court placed A.S. on probation for two years, with an initial placement at the Medlock facility to receive therapeutic treatment. A.S. was successfully discharged from Medlock and, on October 18, 2012, his conditions of probation were modified to release him into the custody of his mother and to allow for home detention with electronic monitoring.

The State subsequently filed a motion to modify disposition alleging A.S. violated the conditions of his probation by failing to comply with his curfew restrictions, failing to attend every class on every school day, and testing positive for illegal drug usage on two different occasions. A.S. pleaded true to the allegations he violated his probation by failing to comply with his curfew restrictions on May 13, 2013 and by testing positive for illegal drug usage on April 29, 2013. The State nonsuited the other allegations.

At the hearing on the State's motion to modify, the trial court admitted into evidence several evaluations of A.S., including a predisposition report prepared on May 22, 2013, an addendum to the report prepared on June 5, 2013, a substance abuse evaluation prepared on April 9, 2013, and a psychological evaluation prepared on May 21, 2013. During the substance abuse evaluation, A.S. admitted to the use of opiates and marijuana after his release from Medlock. A.S. also indicated he had been using marijuana since he was eleven years old. He thought he "has a problem" with marijuana and could see "a slight need for drug treatment." The examiner believed A.S. was in need of supportive outpatient services.

During the psychological evaluation, A.S. admitted to violating his 7:00 p.m. curfew and to using illegal drugs. The examiner noted that A.S. was extremely intelligent and would likely excel in school if he attended regularly. The examiner was concerned that A.S.'s use of illegal

drugs was continuing despite the fact he was currently in a drug treatment program. The examiner concluded A.S. was "in need of a highly-structured environment which can better treat his difficulties from abstaining from illegal behaviors." In the predisposition report, the probation department concluded:

> Due to the subject's continuous non-compliance with probation, referral history, and previously being placed outside of his home, it appears that the subject is in need of a more structured environment than what his home can be [sic] provide at this time. The Juvenile Department has exhausted all means of rehabilitating the subject in the community. Therefore, it is recommended that the subject be committed to the care and custody of the Texas Juvenile Justice Department (TJJD).

The trial court also admitted into evidence a placement match notification indicating A.S. had been accepted at Shamar Hope Haven and Gulf Coast Trade Center.

Elizabeth Ramos, A.S.'s probation officer, testified that A.S. was released from Medlock in October 2012 and was placed on an electronic monitor. A.S. was unsuccessfully discharged from the electronic monitoring program because he did not charge the monitor. A.S. also did not successfully complete the home detention required by the conditions of his probation.

According to Ramos, A.S. violated his curfew and would stay away from his home until 3:00 a.m. Further, beginning in November 2012, A.S. had positive tests for marijuana use. In addition to marijuana, A.S. was taking "t-bars" and, after testing positive for opiates, admitted he took hydrocodone on one occasion.

A.S. failed to attend school and had eighty-six unexcused absences. Ramos testified that she "kept sanctioning" A.S. and she had "22 written violations on him of responses he did not complete." At a supervisory hearing, A.S. was instructed to "go back to school." A.S. said that he would, but failed to do so.

Ramos received information from A.S.'s school that A.S. attacked another student and attempted to steal the student's gold chain. Ramos was told by the Dallas Police Department that

there was an assault charge pending against A.S. Although A.S. was suspended from school, he returned to the school and received a criminal trespassing ticket. Ramos also learned that A.S.'s mother returned home from work and found A.S. attempting to take her television set "to sell for drugs." Ramos noted that A.S. had previously been placed on probation in Hays County for the manufacture or delivery of a controlled substance. In Ramos's opinion, one of A.S.'s main problems was drugs.

Ramos testified she had "counseled and counseled" A.S. and had exhausted all available services to keep A.S. in his home. Ramos believed A.S. needed more supervision than his mother could provide and needed a "high secure facility." Ramos was aware that A.S. did not have a history of running away or of gang involvement. She was also aware that A.S. had been accepted by two different facilities, Shamar Hope Haven and Gulf Coast Trade Center, and that, at Gulf Coast Trade Center, A.S. could pursue a trade and receive assistance in obtaining his general education diploma. However, Ramos did not believe either of these facilities was secure.

In Ramos's opinion, A.S. is a child in need of rehabilitation. Ramos recommended that, for the protection of the public and of A.S., A.S. should be committed to the TJJD. According to Ramos, A.S. could obtain supportive outpatient services at TJJD to address his use of illegal substances. Ramos recognized that, while in detention pending the hearing on the motion to modify, A.S. had been "in honors" and was "currently a Level 4." However, in the ten days prior to the hearing, A.S. had lost points for being slow to respond to staff, cursing, and "keeping peer conflict going." Ramos believed that, even though A.S had sustained good behavior in detention, his level of needs and his prior history on probation showed that he needed to be committed to the TJJD and that it was in A.S.'s best interest to be committed to the TJJD.

The trial court found that A.S. had violated the terms of his probation "in the following manner: **CONDITION '3' (VIOLATING CURFEW RESTRICTIONS) ON 05/13/13 AND**

–4–

**CONDITION '7' (TESTING POSITIVE FOR ILLEGAL DRUG USAGE) ON 4/29/13"** and ordered A.S. committed to the TJJD.

### Commitment to TJJD

In his first issue, A.S. complains the trial court abused its discretion by committing him to TJJD when less restrictive placements capable of meeting his needs were available. Relying on evidence that he did not have a history of running away or of gang involvement and that he had behaved well while in detention, A.S. asserts the trial court should have committed him to the Gulf Coast Trade Center.

We review a trial court's determination of a suitable disposition for a child engaged in delinquent conduct under an abuse of discretion standard. *In re J.P.*, 136 S.W.3d 629, 632 (Tex. 2004); *In re J.G.*, No. 03-11-00892-CV, 2013 WL 490941, at \*2 (Tex. App.—Austin Feb. 7, 2013, no pet.) (mem. op.). Juvenile courts are vested with broad discretion in determining whether to modify the disposition of children found to have engaged in delinquent conduct. *In re D.R.*, 193 S.W.3d 924, 924 (Tex. App.—Dallas 2006, no pet.); *In re G.W.*, 396 S.W.3d 202, 204 (Tex. App.—El Paso 2013, no pet.). We review the entire record to determine if the trial court abused its discretion by modifying a disposition. *In re A.R.D.*, 100 S.W.3d 649, 650 (Tex. App.—Dallas 2003, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably or without reference to guiding rules or principles. *In re D.R.*, 193 S.W.3d at 924. A trial court does not abuse its discretion when it bases its decision on conflicting evidence or if some evidence of substantive and probative character exists to support the trial court's decision. *In re G.W.*, 396 S.W.3d at 204.

A.S. pleaded true to the allegations he violated the conditions of his probation by failing to comply with his curfew restrictions and by testing positive for the use of illegal drugs. Further, the trial court heard evidence that A.S. had been abusing illegal drugs for a number of

years and had previously been placed on probation for the manufacture or delivery of a controlled substance. After being released from Medlock, A.S. failed to charge his electronic monitor, failed to comply with his curfew, did not regularly attend school, tested positive for the use of illegal drugs, assaulted another student and attempted to steal his gold chain, and attempted to steal his mother's television set. Ramos testified she had repeatedly counseled A.S. about his failure to comply with his conditions of probation. Both Ramos and the examiner who performed the psychological evaluation of A.S. thought A.S. needed a highly structured environment. Although Ramos was aware that A.S. did not have a history of running away or of gang involvement, she was concerned the Gulf Coast Trade Center was not a secure facility. In Ramos's opinion, A.S. needed to be committed to the TJJD. The trial court found A.S. committed robbery, a second degree felony, and that A.S. violated a reasonable and lawful order of the court by failing to comply with two conditions of his probation.

A trial court's modification of disposition is governed by section 54.05 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 54.05 (West Supp. 2013). When a juvenile's prior disposition is based on a finding that the juvenile engaged in a felony offense, as here, the trial court may modify the disposition and commit the juvenile to the TJJD if the court finds by a preponderance of the evidence that the juvenile violated a reasonable and lawful order of the court. *See id.* § 54.05(f). The violation of one condition of probation is sufficient to support a trial court's order modifying a juvenile's disposition. *In re J.T.B.*, No. 06-09-00006-CV, 2009 WL 1459610, at *5 (Tex. App.—Texarkana May 27, 2009, no pet.) (mem. op.); *In re S.A.G.*, No. 04-06-00503-CV, 2007 WL 748674, at *3 (Tex. App.—San Antonio Mar. 17, 2007, no pet.) (mem. op.). The trial court is not required to consider alternative dispositions in a modification hearing. TEX. FAM. CODE ANN. § 54.05(f); *In re A.T.M.*, 281 S.W.3d 67, 72 (Tex. App.—El Paso 2008, no pet.).

We conclude it was within the trial court's discretion to commit A.S. to the TJJD.  *See* TEX. FAM. CODE ANN. § 54.05(f); *In re J.P.*, 136 S.W.3d at 633 (commitment to the TJJD by modification order is proper if juvenile originally committed felony and subsequently violated one or more conditions of probation and "[i]n such circumstances, the statute allows a trial court to decline third and fourth chances to a juvenile who has abused a second one."); *In re J.O.*, 247 S.W.3d 422, 424 (Tex. App.—Dallas 2008, no pet).  Accordingly, we resolve A.S.'s first issue against him.

**Specificity of Order**

In his second issue, A.S. contends the trial court's order does not satisfy the requirements of section 54.05(i) of the family code and, therefore, this case should be remanded to the trial court for reformation.  Section 54.05(i) provides that the "court shall specifically state in the order its reasons for modifying the disposition and shall furnish a copy of the order to the child." TEX. FAM. CODE ANN. § 54.05(i).  Specificity in the order is required to give the child notice of the trial court's reasons for the disposition and to allow the appellate court to determine whether the evidence supports those reasons.  *In re A.R.D.*, 100 S.W.3d at 650; *see also In re K.E.*, 316 S.W.3d 776, 781 (Tex. App.—Dallas 2010, no pet.) (referring to similar language in section 54.04(f) of the family code).  When a trial court does not comply with the specificity requirements of section 54.05(i), the appellate court does not reverse for a new trial, but generally remands the case with instructions to the trial court to render a proper disposition order specifically stating the reasons for the disposition.  *In re J.M.*, 287 S.W.3d 481, 489 (Tex. App.—Texarkana 2009, no pet.) (citing *K.K.H. v. State*, 612 S.W.2d 657, 658 (Tex. Civ. App.—Dallas 1981, no writ)).

An order modifying a disposition must specifically recite the conduct that prompted the trial court to modify its prior order of disposition.  *Id.*; *In re L.T.H.*, No. 03-06-00433-CV, 2007

WL 2509843, at *2 (Tex. App.—Austin Sept. 6, 2007, no pet.) (mem. op.). Merely reciting statutory language is insufficient. *In re J.M.*, 287 S.W.3d at 489; *In re L.T.H.*, 2007 WL 2509843, at *2. However, statutory language supplemented by additional findings is sufficient to meet the requirements of the family code. *In re P.L.*, 106 S.W.3d 334, 338 (Tex. App.—Dallas 2003, no pet.) (order tracking language of section 54.05 and explaining trial court's reasons for modification was sufficient); *In re J.M.*, 287 S.W.3d at 489. "The inclusion of the offense and its surrounding circumstances in an order consisting of mainly statutory language is sufficient." *In re J.M.*, 287 S.W.3d at 490.

In this case, the trial court found in the order that A.S. (1) was previously adjudged to be a child engaged in delinquent conduct, was placed on probation, and received a copy of the terms and conditions of probation, and (2) violated specific conditions of probation. The order further provided:

> The Court further finds that the Respondent Child is eligible for a commitment to the Texas Juvenile Justice Department pursuant to Section 54.04(f) of the Juvenile Justice Code for engaging in conduct that violates a penal law of this State or of the United States of the grade of a felony to wit: **ON APRIL 3, 2012, THE RESPONDENT CHILD COMMITTED THE FELONY OFFENSE OF ROBERY** [sic] **29.02 OF THE PENAL CODE.**

Section 54.05(f) of the family codes provides that, in a disposition based on a finding that a child engaged in delinquent conduct that violates a felony law, the trial court can modify disposition to commit the child to the TJJD if, after a hearing, it finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court. The written order in this case tracks the language of section 54.05(f). Although the trial court mistakenly referred to section 54.04(f) of the family code in its finding relating to the reason A.S. was eligible for commitment to the TJJD, it specifically explained the reasons for the trial court's action, and the order clearly gave A.S. notice of the trial court's reasons for modifying the disposition. *See In re P.L.*, 106 S.W.3d at 337–38. We conclude the trial court's order is sufficiently specific to

–8–

comply with section 54.05(i) of the family code. *See id.*; *In re A.R.D.*, 100 S.W.3d at 651; *In re J.M.*, 287 S.W.3d at 490. We resolve A.S.'s second issue against him.

**Modification of Order**

In his third issue, A.S. contends the order modifying disposition should be modified to correct clerical errors and to delete duplicate entries. We have the authority to modify incorrect judgments when the necessary information is available to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); *In re J.O.*, 247 S.W.3d at 425.

Accordingly, we modify the order in the following respects. First, we modify the order to reflect that the trial court, rather than counsel, informed A.S. and his parent of the right to appeal as required by section 56.01(e) of the family code. Second, we modify the order to reflect A.S. was commited to the TJJD pursuant to section 54.05(f) rather than section 54.04(f) of the family code. Finally, we modify the order to delete the second occurrence of the following two sentences: (a) "The Court further finds that a material and substantial change in the circumstances necessitates a modification of the disposition and such is in the best interest of the Respondent Child;" and (b) "The Court further finds that all reasonable efforts have been made to prevent or eliminate the need for the child's removal from the home and make it possible for the child to return to the home." *See In re J.O.*, 247 S.W.3d at 425; *In re D.R.*, 193 S.W.3d at 926–27.

As modified, we affirm the trial court's order modifying disposition.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

131022F.P05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF A.S., A CHILD

No. 05-13-01022-CV

On Appeal from the 305th Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. JD-76883-X.
Opinion delivered by Justice Fillmore,
Justices FitzGerald and Francis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

1. The sentence on page 2 of the order that states: "The Attorney for the Respondent Child was instructed to inform the child and the parent(s) or guardian of the right to appeal as required by Section 56.01(e) of the Juvenile Justice Code" is modified to state "The Court informed the child and the parent(s) or guardian of the right to appeal as required by Section 56.01(e) of the Juvenile Justice Code."

2. The paragraph on page 2 of the order that states: "The Court further finds that the Respondent Child is eligible for a commitment to the Texas Juvenile Justice Department pursuant to Section 54.04(f) of the Juvenile Justice Code for engaging in conduct that violates a penal law of this State or of the United States of the grade of a felony to wit: **ON APRIL 3, 2012, THE RESPONDENT CHILD COMMITTED THE FELONY OFFENSE OF ROBERY** [sic] **29.02 OF THE PENAL CODE**" is modified to state: "The Court further finds that the Respondent Child is eligible for a commitment to the Texas Juvenile Justice Department pursuant to Section 54.05(f) of the Juvenile Justice Code for engaging in conduct that violates a penal law of this State or of the United States of the grade of a felony to wit: **ON APRIL 3, 2012, THE RESPONDENT CHILD COMMITTED THE FELONY OFFENSE OF ROBBERY 29.02 OF THE PENAL CODE.**"

3. The second occurrence of the sentences "The Court further finds that a material and substantial change of circumstances necessitates a modification of the Disposition and such is in the best interest of the Respondent Child"

–10–

and "The Court further finds that all reasonable efforts have been made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the home" are deleted.

It is **ORDERED** that, as modified, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 5th day of December, 2013.


/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE